272 P.2d 185

PETTINGILL v. PERKINS.

No. 8077.

Supreme Court of Utah.

June 29, 1954.

J. Grant Iverson, Salt Lake City, Max D. Lamph, Lawrence Roland Anderson, Ogden, for appellant.

Louis E. Midgley, Salt Lake City, for respondent.

LARSON, District Judge.

Appeal from verdict and judgment of the District Court of Weber County.

On the 22nd day of July, 1952, Keith W. Pettingill, age 26 months, died in an automobile-pedestrian accident on 300 East

Street, Clearfield, Davis County, Utah. The child was playing in front of his home, toddling back and forth across the street with a little sand bucket. His mother sat ·in front of the house working a jig-saw ·puzzle. Defendant, with his wife, was driving northward along the street at about 10 ·miles an hour. He did not see the child and ran over it, killing it.

Plaintiff, the child's father, brought this action to recover damages for the loss of the child. Defendant, among other defenses, pleaded contributory negligence on the part of the mother. The case went to the jury on general verdict and two special interrogatories. The jury returned a verdict, "No Cause of Action," and, in answer to the interrogatories, found defendant was driving 10 miles per hour, and that the mother was guilty of contributory negligence, which proximately contributed to the accident.

The assignments are directed at two points: (a) That the negligence of the mother, if any, was immaterial; (b) That the evidence was insufficient to sustain the verdict and judgment.

The court, at the request of plaintiff, gave the jury two instructions as follows:

### Request 1A

"If you find by the preponderance of the evidence that the defendant was negligent in failing to keep a proper lookout at the time and place of the accident, and you also find that such negligence, if any, was the proximate cause of the injuries and death complained of, you will find in favor of the plaintiff and assess his damages; unless you find by the preponderance of the evidence that the deceased boy's mother was negligent, and such negligence, if any, proximately caused, or to any extent proximately contributed in causing his death, then the plaintiff cannot recover."

### Request 6A

"You are instructed that no person shall drive a motor vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards existing, and if you find from the evidence that the defendant drove and operated his motor vehicle immediately before and at the time of its collision with Keith W. Pettingill at a speed greater than was reasonable and prudent under the conditions having regard to the actual and potential hazards then existing, and you also find that such negligence, if any, was the proximate cause of the injuries and death complained of, then you should find for the plaintiff and assess his damages; unless you find by the preponderance of the evidence that the deceased boy's mother was negligent, and such negligence, if any, proximately caused, or to any extent proximately contributed in causing his death, then the plaintiff cannot recover."

▪ No exceptions were taken to these instructions, nor were they assigned as er-

ror in the motion for a new trial. The law as therein declared, at the request of the plaintiff, became the law of the case, especially as far as the plaintiff is concerned. Plaintiff asked that the case be tried on that theory, that the jury be so instructed, and that the jury find their verdict on that basis, and the law as so declared. Right or wrong, the instructions became the law of the case, were binding upon the jury, on the court and counsel. Arizona Binghampton Copper Co. v. Dickson, 22 Ariz. 163, 195 P. 538, 44 A.L.R. 881; Shepherd v. Alden, 161 Minn. 135, 201 N.W. 537, 202 N.W. 71, 39 A.L.R. 1094; Wilson v. Blair, 65 Mont. 155, 211 P. 289, 27 A.L.R. 1235; Monoghan v. State, 10 Okl.Cr. 89, 134 P. 77, 46 L.R.A., N.S., 1149; Schmidt v. Carpenter, 27 S.D. 412, 131 N.W. 723, Ann.Cas.1913D, 296; 53 Am.Jur. P. 620.

■ In order that a party may take advantage of an error in instructions committed by the trial court, he must make a proper objection. 53 Am.Jur. P. 606. Generally, appellate courts will not review a ground of objection not urged in the trial court. 3 Am.Jur. 116, Appeal and Error, 381. The duty is incumbent upon counsel to give the trial court the opportunity to correct the error before asking the appellate court to reverse a verdict and judgment thereon. Furthermore, it is well established that a party cannot assign as error the giving of his own requests. He cannot lead the court into error and then be heard to complain thereof. To permit such action would needlessly prolong litigation, so there might never be an end thereto. Having by his own pleadings, evidence, and instruction tried and rested the case upon the theory that the mother's negligence would bar the father, he is bound thereby, as the law of the case. He cannot now on appeal shift his theory and position. 3 Am.Jur., Sections 379, 253, 371. See also Patton v. Evans, 92 Utah 524, at page 529, 69 P.2d 969, 112 A.L.R. 589; Kirchgestner v. Denver & R. G. W., Utah, 218 P.2d 685.

We are therefore not now called upon to determine whether the negligence of one parent bars a suit by the other for death of a child.

■ The verdict, no cause of action, is not necessarily predicated upon the ground of the negligence of the mother. The jury might well have found that there was no negligence on the part of the defendant. It would take a pull and a long stretch to say the evidence required the conclusion that defendant was guilty of negligence which proximately caused the death of the child.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.