Ray TAYLOR, Plaintiff,

v.

Wilbur COHEN, Secretary of Health,
Education and Welfare,
Defendant.

Civ. A. No. 2220.

United States District Court
E. D. Tennessee,
Northeastern Division.

March 14, 1969.

**1282**

E. Eugene Christian, Johnson City, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is an action for a judicial review of the decision of the defendant administrator, denying the plaintiff's application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. Both parties have moved for a summary judgment, Rule 56, Federal Rules of Civil Procedure, and agree that the basic question presented is whether the defendant's finding that the plaintiff is able to engage in substantial gainful employment, which exists in the national economy, is supported by substantial evidence in the record.

The decision of a hearing examiner was adopted by the defendant's appeals council as its decision. This examiner found that the plaintiff was suffering from a physical impairment of his back and stomach, as well as from the mental impairment of a chronic anxiety condition, but concluded that, nevertheless, the plaintiff retained sufficient residual capabilities to be able to perform some type of substantial gainful activity. "* * * in spite of the discomfort he might experience * * *", and that the plaintiff's back condition, stomach problems, and chronic anxiety condition, were *of insufficient severity,* either singly or in combination, to prevent Mr. Taylor's pursuing substantial gainful activity. The examiner found and concluded that Mr. Taylor was not able, because of his impairments, to perform heavy manual labor; but that he had *never performed heavy labor* and should be able to perform tasks similar to those he had performed in his most recent employment, as well as driving a schoolbus, driving a truck part-time in the maintenance department of a munitions manufacturing plant, working as a motor vehicle filling station attendant, and resuming "* * * the job as a painter *in which he has had long experience.* * * *" [Italics for emphasis.]

These findings do not comport completely with the testimony adduced on the hearing and other evidence in the record. There are also omissions in the findings of significant facts: *i. e.,* (a) in addition to the physical and mental impairments mentioned by the examiner, the undisputed proof reflects that, with the exception of his little finger, all the fingers and the thumb on Mr. Taylor's right hand were blown off down to the first joints in a childhood accident involving a dynamite cap; (b) it is undisputed that Mr. Taylor feels so badly many days that he never leaves the confines of his home; (c) his hands were trembling at the hearing before the examiner; and (d) he has sustained in the past three years a weight loss of 25 pounds, now weighing only 105 pounds, which he, himself, attributes to the pain he has suffered.

As the Court views this evidence, the plaintiff Mr. Taylor is 44 years of age and has a seventh-grade education. Obviously, he was rejected for service in the armed forces because of the impairment of his right hand. He obtained employment instead at a munitions plant during World War II. His "light manual labor" on this job consisted of picking up and loading 50-pound boxes of explosives onto pallets, weighing them, and then removing them from the pallets with an "electric buggy", so that the tops could be nailed on the boxes and they could be otherwise sealed. When

world tensions were eased temporarily, Mr. Taylor's employment with the munitions plant was terminated. The same month of this layoff, he obtained employment driving a schoolbus, which he continued for 16 years, working for four of these years at a garage between runs to and from the schools he served. In this same period, he also painted residential interiors and the trims of exteriors "* * * when I could get something. * * *".

After returning to the ordnance plant when war clouds again gathered, Mr. Taylor worked as a painter in the maintenance department and occasionally drove a truck transporting personnel and supplies within the plant complex. He was injured in July, 1962, while he was lifting some metal shelves which his crew had subjected to sandblasting. He underwent a laminectomy for the surgical excision of a herniated spinal disc in February, 1964. He testified that this procedure brought him relief temporarily, and he resumed his employment at the ordnance plant. However, his former pain soon returned and became progressively worse, according to the plaintiff. His employer was unable to find any work Mr. Taylor could perform regularly without an excessive loss of time. Consequently, he was declared totally and permanently disabled in June, 1967 and has been the recipient of benefits for this reason since.

The medical evidence supports substantially the plaintiff's claim that his impairments in combination were and are of such aggregated severity as to prevent his engaging in any substantial gainful activity on or prior to the date of the hearing examiner's decision. A good summary of this appears in the statement of Dr. Horace B. Capp, Jr., a neurosurgeon, who found that Mr. Taylor had never gotten well following his surgery in 1964; that Mr. Taylor had been compelled to undergo multiple periods of hospitalization, had had multiple problems and continued pain in his lower abdominal back, as well as bilateral leg pain, nervousness, a stomach ulcer,

etc.; that this pain was aggravated by *even minor* physical activity; and that Mr. Taylor sleeps on a special mattress and cannot wear the prescribed corset because it hurts his back.

Dr. Frank B. O'Connell, the neurosurgeon who operated on Mr. Taylor's back over three years earlier, was of the opinion on August 31, 1967 that his patient was not capable of work involving any bending, lifting or prolonged standing (such as working as a painter or a filling station attendant both would involve), and as late as November 28, 1967, he was of the opinion that Mr. Taylor's condition remained the same as of the previous year from a neurologic standpoint. The assistant medical director of the plaintiff's most recent employer stated that no work that Mr. Taylor could perform regularly without excessive lost time could be found prior to his retirement in June, 1967.

After the rehospitalization and reexamination of Mr. Taylor in November, 1966, Dr. Eben Alexander, Jr., another neurosurgeon, found him to be moderately disabled with a permanent partial impairment of 15 to 20%. He advised that the plaintiff do no heavy lifting or strenuous work with prolonged standing. Dr. T. H. Roberson reported on June 27, 1967 that he had found Mr. Taylor totally disabled to do any work, with muscle spasm still persisting at that time. Dr. Warner G. Clark, plaintiff's regular physician, considered the plaintiff totally and permanently disabled on January 24, 1968 for the type of work he was experienced in performing. On further consideration, Dr. Roberson expressed his opinion that Mr. Taylor's condition was growing progressively worse and will disable and cause him more pain in the future. He proscribed the plaintiff from any lifting, bending, or added activity.

A psychiatrist, Dr. Zelma L. Herndon, was led to the conclusion that Mr. Taylor was exaggerating his back complaints. She found him to be a hostile and aggressive individual who was trying to maintain a rigid control over these

**1284**

drives which, in turn, aggravated his headaches and any back problems he might have. Two lay witnesses testified from their experience in working with Mr. Taylor and observing him for a quarter of a century, that he had become totally and permanently disabled since his back surgery.

 It was incumbent upon Mr. Taylor to have proved his disability by a preponderance of the evidence. Henry v. Gardner, C.A. 6th (1967), 381 F.2d 191, 194[4], certiorari denied (1967), 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487, rehearing denied (1968), 389 U.S. 1060, 88 S.Ct. 797, 19 L.Ed.2d 864; 42 U.S.C. § 423(c). The determination of whether Mr. Taylor was disabled is an administrative decision. 42 U.S.C. § 405(g). The findings of the administrator as to any fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). "* * * Substantial evidence [is] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion * * *". National L. R. Board v. Columbian Enameling & Stamping Co. (1939), 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660, 665[3]. This is a legal term and presents to the Court for adjudication a question of law. Mississippi Public Service Commission v. United States, D.C.Miss (1954), 124 F.Supp. 809, 814–815[11], affirmed sub nom. Illinois Central Railroad Co. v. Mississippi Public Service Commission (1955), 349 U.S. 908, 75 S.Ct. 599, 99 L.Ed. 1244. The Court has no right to make its own appraisal of the evidence or to substitute its fact-finding for that of the administrative agency. King v. Gardner, C.A. 6th (1967) 370 F.2d 652, 654[3].

Even so, the hearing examiner appears to have given no weight to the opinion evidence of Drs. Clark, Roberson, Capp and O'Connell, the assistant medical director for plaintiff's former employer, and the lay witnesses offered by Mr. Taylor; or, if so, then he accredited the evaluation opinion of Dr.

Alexander much higher * than that of Mr. Taylor's treating physicians. Mr. Taylor was required by law to produce evidence to show that his disability resulted from a determinable physical or mental impairment. 42 U.S.C. §§ 416(i) (1), 423(c) (2). He undertook to do this by testifying himself and offering the testimony of both lay and medical expert witnesses. There was no way for him to ever have established his case if his credible medical evidence was disregarded. Cf. Hall v. Celebrezze, C.A. 6th (1963), 314 F.2d 686, 689–690.

The hearing examiner stated in his discussion of the evidence and conclusion that, under Social Security Regulations No. 4, § 404.1502, he is required to give "primary consideration * * * to the severity of the impairment." It is here, perhaps, that the hearing examiner was persuaded erroneously to render a decision not supported by substantial evidence. The hearing examiner appears to have given this regulation too rigid an interpretation. Cf. Marion v. Gardner, C.A. 8th (1966), 359 F.2d 175, 181[2].

"Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C. § 423(d) (1) (A). The standards to be applied in making a determination under this definition are established statutorily as follows:

"* * * For purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

---

* There is no evidence in the record to justify accrediting this testimony to this extreme extent.

in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *" 42 U.S.C. § 423(d) (2).

 Although the defendant administrator is authorized by this statute to prescribe by regulations the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity, 42 U.S.C. § 423(d) (2), (4), there is nothing in the statute requiring the hearing examiner to give primary consideration to the severity of the impairment or combination of impairments. The hearing examiner was required to look to the specific language of the statute, rather than the more restrictive language of the defendant's regulation, in making his findings. The manner in which the aforecited regulation was read and applied herein was inconsistent with 42 U.S.C. § 423(d) (2), (4). "* * * '[T]he hearing examiner, in effect, read restrictions into the statute that were not provided by the Congress.' * * *" Branham v. Gardner, 6 Cir., 383 F.2d 614, 629, citing from Homm v. Gardner, D.C.Mo. (1967), 267 F.Supp. 926, 929[3].

It was not necessary for Mr. Taylor's impairment or impairments to have been so severe as to have caused him to be bedridden or to have rendered him wholly helpless before he was entitled to benefits under his claim. Berry v. United States (1941), 312 U.S. 450, 455, 61 S. Ct. 637, 85 L.Ed. 945, 948–949[2]. He was entitled to have his evidence of impairment[s] weighed against the standards prescribed by the pertinent statute, *supra.* To the extent that the regulations relied on by the hearing examiner in making this determination were inconsistent with the standards set forth in the statute, those regulations must not have been considered. Marion v. Gardner, *supra,* 359 F.2d at 181, Branham v. Gardner, *supra,* 383 F.2d at 630.

It appearing that the final decision of the administrator was based on a mistaken view of the applicable law and that, on the basis of the credible evidence, Mr. Taylor is entitled to disability benefits under the Social Security Act, the motion of the defendant for a summary judgment hereby is denied, the motion of the plaintiff for a summary judgment hereby is granted, the decision of the defendant hereby is reversed, and this action hereby is remanded to the defendant with instructions that the plaintiff be allowed benefits by the Social Security Administration.