475 P.2d 834

Douglas J. DAVIS, Plaintiff and Appellant,

v.

Thomas W. MULHOLLAND, Defendant and Respondent.

No. 11931.

Supreme Court of Utah.

Oct. 20, 1970.

Milton V. Backman, Robert L. Backman, of Backman, Backman & Clark, Salt Lake City, for appellant.

Harold R. Boyer, of Romney & Boyer, Salt Lake City, for respondent.

ELLETT, Justice:

The plaintiff and one Keith Hansen gave the defendant $5,000 for an option to buy land for an additional $95,000. The complaint states two causes of action. The first was based on a claim of fraud and misrepresentation in that the defendant pointed out the location of the land in question as being different from what it actually was. The second is for a rescission of the option agreement.[1]

The court on conflicting evidence found that there was neither fraud nor misrepresentation on the part of the defendant and that he pointed out the true boundaries of the land to the plaintiff and Keith Hansen. Since there is evidence to sustain the finding of the trial court on this point, we must affirm it.[2]

The plaintiff below claimed that there was a *mutual* mistake of fact and that the option contract should be rescinded. The court found against him on this matter. On the appeal plaintiff contends that there was a *unilateral* mistake on his part. Ordinarily an appellant cannot change his theory of the case on appeal from that presented to the court below.[3] Even if plaintiff had claimed a unilateral mistake at the trial, he could not prevail under the findings made by the trial court.

The requirements for recovery under a claim of unilateral mistake are properly set out in the case of Ashworth v. Charlesworth,[4] wherein this court quoted from an annotation in 59 A.L.R. 809 as follows:

> Equitable relief from a mutual mistake is frequently given by a reformation of the contract. But a contract will not be reformed for a unilateral mistake. Equitable relief may, however, be given from a unilateral mistake by a rescission of the contract. Essential conditions to such relief are (1) The mistake must be of so grave a consequence that to enforce the contract as actually made would be unconscionable. (2) The matter as to which the mistake was made must relate to a material feature of the contract. (3) *Generally the mistake must have occurred notwithstanding the exercise of ordinary diligence by the party making the mistake.* (4) It must be possible to give relief by way of rescission without serious prejudice to the other party except the loss of his bargain. In other words, it must be possible to put him in statu quo. (Emphasis added.)

---

1. No complaint is made as to the failure to join Keith Hansen in this lawsuit.
2. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).
3. 5 Am.Jur.2d, Appeal and Error § 546. Pettingill v. Perkins, 2 Utah 2d 266, 272 P.2d 185 (1954).
4. 119 Utah 650, 656, 231 P.2d 724, 727 (1951).

Plaintiff admits that he was given the correct legal description of the land actually owned by the defendant; and since the court found that there was no misrepresentation on the part of the defendant in pointing out the location of the land, the plaintiff cannot have a rescission of the option contract for the reason that if there was any mistake on his part, it was due entirely to his own negligence.

The judgment of the lower court is affirmed. Costs to respondent.

CROCKETT, C. J. and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.