William D. BAGLEY, Administrator, Estate of Lloyd Currence, Appellant (Defendant and Third-Party Plaintiff below),

v.

Robert J. WATSON, Appellee (Plaintiff below),

v.

BEKINS VAN LINES CO., a corporation, Appellee (Third-Party Defendant below).

No. 3839.

Supreme Court of Wyoming.

Jan. 5, 1971.

Rooney & Horiskey and William D. Bagley, Cheyenne, for appellant.

A. Joseph Williams, of Guy, Williams, White & Mulvaney, Cheyenne, for appellees.

Before GRAY, C. J., and PARKER and McEWAN, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiff, Robert J. Watson, commenced an action against defendant, William D. Bagley, administrator of the estate of Lloyd Currence, deceased, seeking to recover damages inflicted upon plaintiff's tractor unit of a tractor-trailer combination truck as the result of a collision occurring in an intersection controlled by traffic lights in the city of Cheyenne, Wyoming, between plaintiff's tractor and a car claimed to have been driven negligently by the decedent. Defendant answered, denying that deceased was negligent, alleged contributory negligence on the part of plaintiff, and asserted a counterclaim against plaintiff, seeking to recover damages for the claimed wrongful death of decedent and other miscellaneous damages. The defendant, pursuant to Rule 14, W.R. C.P., also filed a third-party complaint, seeking recovery on the same grounds asserted in his counterclaim for the same damages against Bekins Van and Storage Company, a corporation (hereinafter called Bekins), the owner of the trailer being pulled by plaintiff's tractor unit under an agency arrangement between plaintiff and Bekins.

The negligence charged against defendant by the plaintiff was that decedent "ran a red light" at the intersection which plaintiff had entered on the green light. The

negligence charged by defendant against plaintiff and Bekins was that plaintiff failed to yield the right-of-way to decedent and at the time of the accident was driving the truck in excess of the speed limit fixed by an ordinance of the city of Cheyenne and that plaintiff had the last clear chance to avoid the accident. Upon trial of the case, the jury returned a verdict for the plaintiff and against the defendant, and pursuant thereto judgment was entered for plaintiff against the defendant for the damages claimed and the judgment further provided that defendant take nothing on his counterclaim or third-party claim.

Defendant appeals from the judgment so entered, and the sole claim of error advanced here relates to Instruction 10 given to the jury over the objection of the defendant.

Before setting forth Instruction 10, and by way of some background, we have already noted the respective claims of negligence advanced by the parties, and at the trial evidence was adduced in support of the issues so tendered. With respect to instructions, counsel for plaintiff and Bekins in his pretrial memorandum stated:

"There will be no unusual instructions. The principal ones will be (1) burden of proof, (2) negligence, (3) contributory negligence, and (4) damages. Except for the general issue instruction, all instructions should be stock."

The defendant in his pretrial memorandum with respect to instructions stated:

"Necessary instructions include standard instructions dealing with negligence, contributory negligence, last-clear-chance, respondeat superior, and evidence presumptions of negligence and due care."

The record does not disclose what, if any, instructions were offered by the plaintiff. The defendant, however, as directly related to Instruction 10 and with respect to the matter of speed, offered three unnumbered instructions, the first of which was as follows:

"Cheyenne City Ordinances provide that: 'When no special hazard exists, the fol-

lowing maximum speeds are permitted. Any speed in excess thereof shall be unlawful, and shall be considered prima facie evidence of careless driving * * *

(7) Any truck, tractor or combination thereof larger than a pick-up truck shall not exceed twenty miles per hour on any street within the City.'

"The occurrence here sued upon was within the City; therefore if you find that the plaintiff Watson was driving his truck in excess of twenty miles per hour, this violation of law is negligence."

The second instruction, which defendant in his objections to Instruction 10 indicated was offered as an alternative to his first instruction, also recited the provisions of the ordinance and was then followed by this language:

"The occurrence here sued upon was within the City; therefore if you find that the plaintiff Watson was driving his truck in excess of twenty miles per hour, you may presume negligence on his part, however, this presumption is not conclusive but may be overcome or outweighed by other evidence in the case which satisfies your mind that such party acted in a reasonably prudent manner."

The third instruction, after also reciting the provisions of the ordinance as above, was that:

"The occurrence here sued upon was within the City; therefore if you find that the plaintiff Watson was driving his truck in excess of twenty miles per hour, you may consider this violation of law as evidence of negligence and you may consider that fact together with all other facts in determining whether that party was negligent at the time of the occurrence."

In addition, the defendant also offered three separate unnumbered instructions involving an ordinance of the city of Cheyenne pertaining to the rights of drivers approaching an intersection controlled by traffic lights and again setting forth his theory that violation of the ordinance was

negligence, or created presumption of negligence, or was evidence of negligence.

The trial judge refused defendant's offered instructions and in lieu thereof gave Instruction 8, which recited verbatim without comment and without reference to similar provisions of the city ordinance § 31–139, W.S.1957, C.1967, relating to the rights of drivers entering an intersection controlled by traffic lights. This was followed by Instruction 9, reciting verbatim without comment the ordinance of the city of Cheyenne quoted above concerning the speed of trucks within the corporate limits. Following this, Instruction 10 was given, reading as follows:

"Violation of a statute or an ordinance is not by itself negligence. If you find there was a violation, you must also find, to constitute negligence, that such violation was a proximate cause of the accident."

The defendant objected to the giving of the instruction on the ground that "violation of a statute or ordinance is negligence per se or in the alternative creates a presumption of negligence and the law isn't that it constitutes mere evidence of negligence." In presenting the matter here the defendant in his brief states:

"The issue presented to this Court is: Does the violation of an ordinance prescribing maximum speeds as a standard of care fixed by law enacted for the protection and benefit of the public, constitute negligence per se, or at least prima facie evidence of negligence?"

With respect to the matter of appropriate instructions, where it sufficiently appears that a party involved in an accident may have violated a pertinent statutory or city ordinance provision prescribing a standard of care in the operation of a motor vehicle we have been importuned by counsel for both of the parties more specifically to articulate whether, as reflected by our previous decisions, we have adopted the view that such a violation is negligence, or that it is prima facie evidence of negligence, or that it is simply evidence of negligence to be considered together with all the other facts and circumstances in evidence.

Upon a rather extensive review of our several cases having a bearing upon this involved question, we can agree that there is some justification for the request and such problems can reasonably be anticipated to arise in the future. That, of course, is regrettable and if the circumstances here as disclosed by the record were such that we could clarify the situation in a way that would not confuse the disposition that we have concluded must be made of this appeal and at the same time lend assistance to the solution of precise questions pertaining to similar special instructions given or not given in the future, we would be privileged to comply with counsel's request, Chicago & N. W. Ry. Co. v. City of Riverton, Fremont County, 70 Wyo. 119, 247 P. 2d 660, 663. Unfortunately, however, we are persuaded that the case here either generally or specifically is not susceptible to application of the principle mentioned and we feel impelled to confine our review to the narrow ground presented by defendant.

When that is done we are constrained to hold that defendant is without standing to assert his claim of error and consequently the judgment entered below must be affirmed.

We have reached that conclusion for the reason that even though the defendant in his objections to Instruction 10 below and in his brief here makes no mention of his offered instruction on speed—identified above as his "third instruction"—wherein it was requested that the jury be instructed on the "evidence of negligence" theory, it is our view that in offering it at the trial the defendant foreclosed consideration of the claimed error.

**598**

It is fundamental that a party cannot assert as grounds for appeal the giving of an instruction which he has invited, Bader v. Mills & Baker Co., 28 Wyo. 191, 201 P. 1012, 1016; Fuentes v. Panella, 120 Cal. App.2d 175, 260 P.2d 853, 858; Pettingill v. Perkins, 2 Utah 2d 266, 272 P.2d 185, 186; 5 C.J.S. Appeal and Error § 1507(1), pp. 911–915. That is particularly true where, as here, a party offers inconsistent instructions on his theory of the case, Saxton v. Harris, Alaska, 395 P.2d 71, 72; Oien v. Bourassa, 221 Ore. 359, 351 P.2d 703, 708, 5 C.J.S. Appeal and Error § 1507(2), pp. 915–919.

It is obvious, of course, that Instruction 10 is not in the language and detail of the "third instruction" offered by defendant, or for example a general instruction given and not challenged as in Zanetti Bus Lines, Inc., v. Logan, Wyo., 400 P.2d 482, 484, footnote 1, and while we do not commend the form of Instruction 10 we cannot say it was erroneous under the circumstances. The first sentence thereof reading, "Violation of a statute or an ordinance is not by itself negligence" contains in substance and meaning the same theory proffered by defendant's "third instruction" and consequently the trial judge cannot be charged with error on that score, Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275, 281; Remmers' Ex'r v. Mayhugh, 303 Ky. 366, 197 S.W.2d 450, 454; Spani v. Whitney, 172 Neb. 550, 110 N.W. 2d 103, 108.

While the defendant further complains that use of the word "negligence" rather than the word "liability" in the second sentence of Instruction 10 was confusing and inconsistent with the instruction given defining the term "negligence," we would point out that no such objection was voiced by defendant in his objections to Instruction 10, and for that reason the asserted error will not be considered.

Affirmed.

McINTYRE, C. J., not participating.