William A. PALMER, Plaintiff,

v.

Caspar A. WEINBERGER, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. Civ–1973–313.

United States District Court,
W. D. New York.

June 26, 1975.

Aaron Goldfarb, Civil Case Division, The Legal Aid Bureau of Buffalo, Inc., Buffalo, N. Y., for plaintiff.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y., for defendant.

CURTIN, Chief Judge.

This is an action brought under § 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review a final decision of the Secretary of the Department of Health, Education and Welfare, dated April 25, 1973, denying plaintiff's claim for a continuous period of disability under § 216(i) of the Act, 42 U.S.C. § 416(i), and for disability insurance benefits as provided by § 223 of the Act, 42 U.S.C. § 423. The case is now before the court on the motions of both plaintiff and defendant for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The facts in this case are not in dispute. On May 5, 1971 plaintiff filed an application for disability insurance benefits, claiming that as the result of chronic severe back pain, he had been disabled since January 1, 1971. This application was originally denied on June 24, 1971. Plaintiff filed a request for reconsideration of the initial determination and his application was again denied on September 21, 1971. Plaintiff then made a timely request for a hearing before an administrative law judge to determine his entitlement, if any, to disability benefits, which request was granted. The hearing was held on March 7, 1972, and a supplemental hearing on April 17, 1972. According to the notice of hearing sent to the plaintiff, the specific issues to be decided were:

(1) Whether you have the required insured status under the law; and if so, as of what date(s);

(2) The nature and extent of your impairments;

(3) Whether your impairment has lasted or can be expected to last for a continuous period of at least 12 months, or can be expected to result in death;

(4) Your ability to engage in substantial gainful activity since your impairment began;

(5) When your disability, if any, began.

On July 21, 1972 the administrative law judge found that plaintiff was under a disability beginning November 18, 1971 and continuing to the date of that decision. Shortly thereafter plaintiff requested that the Appeals Council review the administrative law judge's decision because he had found the disability to exist as of November 18, 1971, and not as of January 1, 1971 as claimed by plaintiff. By letter dated November 28, 1972, the Appeals Council granted plaintiff's request for a review of the administrative law judge's decision and informed plaintiff that the Appeals Council wished to obtain additional medical evidence before evaluating plaintiff's disability. This letter also informed plaintiff that, if plaintiff so desired, he could submit additional evidence or make a further written statement as to the facts and law in his case within twenty days of the letter. In addition, plaintiff was informed that he could appear in person before the Appeals Council and present oral argument, or that he could have someone represent him and appear in person, either with him or alone, for that purpose. Plaintiff made his arguments in writing and the Appeals Council, after considering the hearing examiner's decision and the additional evidence obtained, found that plaintiff's disability did in fact begin on November 18, 1971. However, much to plaintiff's surprise, the Appeals Council also found that plaintiff's disability ceased as of January 4, 1973.

On June 22, 1973 plaintiff filed a complaint in this court seeking review

of the Secretary's decision. The motions for summary judgment thereafter filed by the parties have raised the following questions for decision:

(1) Whether the Appeals Council acted properly in considering the issue of the cessation of plaintiff's period of disability; and

(2) Whether the decision of the Secretary was based on substantial evidence.

■ The court finds that the Appeals Council acted within the scope of its authority in considering the cessation of plaintiff's period of disability. Administrative agencies must follow their own rules and regulations and the court believes this was done here.

■ The pertinent rules in plaintiff's case are the following. A decision made by an administrative law judge is reviewable by the Appeals Council. 20 C.F.R. 404.945. The Appeals Council may ". . . affirm, modify, or reverse the decision of the administrative law judge," 20 C.F.R. 404.950, but may not receive new evidence unless ". . . such evidence is relevant and material to an issue before it and thus may affect its decision." 20 C.F.R. 404.949. The Appeals Council does not have power commensurate with that of the administrative law judge to consider new issues. It may consider only those issues which were originally considered by the administrative law judge. *See* 20 C.F.R. 404.949 through 404.955.

■ The cessation of plaintiff's disability was not an issue considered by the administrative law judge at the hearing. He considered the duration of plaintiff's disability only as it pertained to the special determination of the existence of disability, that the claimant must have at least twelve months' continuous disability to qualify for benefits. Plaintiff has argued that since the administrative law judge considered only the issue of the duration of plaintiff's disability, the Appeals Council could not consider when the disability ceased.

The court does not agree with this reasoning. The Appeals Council acted properly when it considered additional evidence pertaining to the issue of the onset of plaintiff's disability. In so doing, if the Appeals Council found that such evidence warranted a finding that plaintiff was no longer disabled, then they could rule that he was no longer entitled to benefits.

■ Turning to the second question raised, an examination of the record in this case reveals that the Secretary's decision was not based on substantial evidence. The hearing examiner's decision about the onset of plaintiff's disability cited a combination of physical and mental impairments as grounds for finding plaintiff disabled. The Appeals Council concurred in this decision, but then went on to make additional findings dealing with the cessation of plaintiff's disability. These findings were based on additional evidence obtained by the Appeals Council, which consisted only of reports on plaintiff's mental condition. In order for the Appeals Council to have properly considered plaintiff's disability, there should have been additional evidence on plaintiff's physical impairments as well. Furthermore, the additional evidence which was obtained was inconclusive as to plaintiff's mental condition and could form no adequate basis for a proper determination of plaintiff's disability.

These conclusions are borne out by the record. When plaintiff had his initial hearing before the administrative law judge, Mrs. Palmer, representing her husband, the plaintiff, said that she had been told by various doctors that her husband had a chronic back condition and that he was permanently disabled. Specifically, Mrs. Palmer pointed out that Dr. Worrell had made a definite diagnosis of chronic low back pain and that Dr. Pleskow had told her that her husband would never get any better. This testimony was supported by the reports submitted by the doctors named above. However, there were medical reports submitted to the hearing examiner from

other doctors which contradicted these diagnoses. Both Dr. K. H. Lee and Dr. A. Kulczycki stated that no physical cause for pain could be found. Contrary to Dr. Worrell's specific finding of nerve root compression at the L5–S1 level of the lumbar spine on the right side due to degenerative disc disease, Dr. Lee found nothing to suspect root compression and claimed that mild degenerative changes could account for plaintiff's stiff feeling across his lower back.

At the supplemental hearing, in an effort to clear up these contradictory reports, the hearing examiner and Mrs. Palmer agreed to have Mr. Palmer submit to a psychiatric examination. The fact that some of plaintiff's physical problems might stem from psychological origins had been raised at the initial hearing by Mrs. Palmer and by various medical reports before the examiner. Pursuant to the above agreement, Dr. Harold J. Levy examined plaintiff and submitted a psychiatric report to the hearing examiner. Dr. Levy pointed out:

> From a psychiatric diagnostic standpoint, the patient presently is showing the reaction of a Paranoid Personality with Anxiety. He is mentally competent to handle his own affairs in my opinion. He should have psychotherapy to help him with the emotional aspect of his difficulties.

In addition, Dr. Levy said that Mr. Palmer was moderately impaired in his ability to relate to other people and severely restricted in his daily activities.

From this supplemental psychiatric examination and from the initial medical evidence before him, the examiner then found:

> . . . The severity of the impairment is open to some question but the hearing examiner would adopt the findings of Dr. Worrell as to the presence of nerve root involvement. Superimposed on this back problem is the claimant's obvious mental status described in one instance as latent schizophrenic and more recently by Dr. Levy as a paranoid-personality with anxiety. This, as pointed out by Dr. Levy, coupled with his back problem causes overreaction. . . .

> It is the hearing examiner's findings that the claimant has impairments orthopedic and psychiatric which have prevented him from working not only at his former work but at any work considering his age, education, training and experience.

From this it can be seen that the hearing examiner found plaintiff's mental and physical condition in combination to be sufficient to constitute a disability under the Act. These findings were later adopted by the Appeals Council in their decision in this case. However, the Appeals Council felt that more information was needed and, therefore, obtained additional evidence which consisted of reports by a social worker, a psychologist and a psychiatrist.

These reports, upon examination by the court, were inconclusive as to claimant's mental condition. The social worker, Mr. Robert L. Fierstein, examined the plaintiff on January 10, 1973 and reported that the plaintiff's thought processes appeared to be intact and that plaintiff's intelligence was in the low average range. However, aside from these general observations, there is nothing in the report which leads to a conclusion that plaintiff had recovered from his physical and mental impairments. In addition, Mr. Fierstein is neither a medical doctor nor a psychiatrist. The report submitted to the Appeals Council by Milton Anglin, psychologist, was also inconclusive. If anything, it should be read to reflect favorably on the plaintiff's case because the report said that plaintiff had a "borderline to borderline" retarded general intelligence and was neurotic which, in combination, would tend to limit his emotional adaptability and self-sufficiency. Finally, Dr. Murray A. Yost, a board certified psychiatrist, was the only person to examine claimant and find that he could relate to other people

and engage in work. Dr. Yost said that plaintiff had a personality trait disturbance with some evidence of depression, anxiety and paranoid ideation, but not true psychosis. Dr. Yost's report also said that he could not judge how much of plaintiff's objective complaints represented organic disease and how much was functional overlay. This is interesting because it shows that Dr. Yost himself was confused by the very question before the Appeals Council for decision and, therefore, this report is at best ambivalent as to the seriousness of claimant's disability. This inconclusive report was heavily relied upon by the Appeals Council. Furthermore, none of the above reports dealt at all with any of plaintiff's physical problems.

The law on substantial evidence is well settled. 42 U.S.C. § 405(g) provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." It is clear that under this standard a federal district court cannot make a *de novo* determination of the facts in issue. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct 1420, 28 L.Ed.2d 842 (1971). Rather, the district court is limited to determining if the Secretary's findings are reasonable in light of the record. The requirement of reasonableness may be met if there is ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Taylor v. Cohen*, 297 F. Supp. 1281, 1284 (E.D.Tenn.1969). "If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding must be affirmed." *Underwood v. Ribicoff*, 298 F.2d 850, 851 (4th Cir. 1962). In this case, the evidence before the Appeals Council was inadequate to support the conclusion that plaintiff was no longer disabled because it dealt only with plaintiff's mental impairments even though his disability was both mental and physical in nature, and also because the evidence itself was inconclusive and ambivalent.

Therefore, the court directs that this case be remanded to the Secretary for the taking of additional evidence, pursuant to 42 U.S.C. § 405(g), on both the physical and mental aspects of plaintiff's claimed disability.

So ordered.