STATE of Utah, By and Through the DEPARTMENT OF COMMUNITY AFFAIRS, Plaintiff and Respondent,

v.

UTAH MERIT SYSTEM COUNCIL and William A. Callahan, Defendants and Appellant.

No. 16501.

Supreme Court of Utah.

July 3, 1980.

---

J. Francis Valerga, Salt Lake City, for Callahan.

Anthony L. Rampton of Fabian & Clendenin, Salt Lake City, for Utah Merit System.

Robert B. Hansen, Atty. Gen., James L. Barker, Stephen G. Schwendiman, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant William Callahan was terminated as an employee of the Department of Community Affairs. The Utah Merit System Council ordered his reemployment. The State of Utah sought review in a district court which reversed and remanded. The district court directed the Council to hold a new hearing on the ground that three procedural errors had been committed during the hearing before the Merit System Council, i. e., failure to place witnesses under oath, failure to maintain a complete record of the testimony adduced, and exclusion of a party to the action from the proceedings. Callahan now appeals from the district court order setting aside the decision of the Utah Merit Council. Callahan urges on appeal that none of the grounds relied on by the district court justifies a new hearing before the Merit Council.[1]

Defendant Callahan was director of the Housing Development Agency in the Department of Community Affairs. The grounds stated for his termination were lack of support for administrative policy, insubordination, inefficiency, disloyalty, and nonfeasance in performance of his duties. Defendant appealed the decision to the Utah Merit System Council. The hearing lasted an entire day and generated a record consisting of a 135-page transcript. Although Beth Jarman, the Director of the Department, was absent from part or all of the proceedings, the deputy director of that department was present during the hearing. The Merit Council found that defendant's performance as an employee of the Department of Community Affairs had been "for

---

1. The record fails to establish that defendant falls within the statutory protection for merit system employees. Defendant was director of an agency within the Department of Community Affairs, yet his duties were not sufficiently set forth to allow a determination, nor were any facts presented to establish, whether he may be exempt under Utah Code Ann. § 67–13–6(a)(4) (1953), as amended. If such exemption exists in this case, there was no showing that the administrative hearing process before the Merit Council was still available to defendant. At the time of defendant's hearings before the Merit Council (October 30, 1978, and December 12, 1978) Utah Code Ann. §§ 67–13–1 to 67–13–15 (1953), as amended, was the applicable law. The Merit System Act contained therein has been repealed and superseded by the Utah State Personnel Management Act, Utah Code Ann. §§ 67–19–1 to 67–19–29 (1953), as amended, which became effective July 1, 1979.

the most part, of a very high quality," and that the "immediate cause of his termination appears to be more of a personality conflict between the appellant and his immediate supervisor than with his job performance." Finding the reasons asserted for the dismissal not adequately supported by the evidence, the Merit Council unanimously ordered the defendant to be reinstated. The State filed a petition in the district court pursuant to Rule 65B,[2] Utah Rules of Civil Procedure, to review the Merit Council order.

■ On this appeal defendant contends the district court erred in holding that the three above-mentioned procedural defects in the administrative hearing constituted reversible error. The first contention is that the lower court erred in ruling that the Merit Council's failure to swear witnesses prior to presenting testimony was prejudicial error. Clearly both parties to this proceeding were entitled to have the testimony under oath or affirmation. Retention of a job is a legally-protected interest, e. g., *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and loss of a job should not be countenanced on the basis of statements made by fellow employees not under oath. On the other hand, the State also has a legitimate interest in the integrity of a proceeding to determine job retention. The public service is indeed a public trust, and retention of unfit public employees is inimical to the public interest. At the least a witness who testifies under oath is likely to be more deliberate and careful in the statements he makes because of the knowledge that an unbridled tongue may lead to legal sanctions. Both the State and the employee are therefore entitled to have witnesses placed under oath in a retention proceeding.

■ At the first administrative hearing, plaintiff inquired whether there was a procedure for swearing in the witnesses. Plaintiff did not object to the failure to

administer an oath and simply responded to the negative response by calling his first witness. The first time the objection was raised was on review in the district court. Because no timely objection was made in the administrative hearing, the matter was not appropriately raised before the district court. Cf. Rule 46, Utah Rules of Civil Procedure. *Sanders v. Cassity*, Utah, 586 P.2d 423 (1978); *Steele v. Wilkinson*, 10 Utah 2d 159, 349 P.2d 1117 (1966); *Pettingill v. Perkins*, 2 Utah 2d 266, 272 P.2d 185 (1954). See *Wilcoxon v. United States*, 231 F.2d 384 (10th Cir. 1956), specifically holding that the requirement of an oath is waived by the absence of a timely objection. Therefore the Merit Council proceedings were not defective for failing to administer the oath.

■ The district court also reversed because of an omission in the record of a discussion which occurred prior to the recording of the proceedings. The affidavit of the executive secretary of the Merit Council confirms the Merit Council's position that the only matter discussed prior to the recording of the proceedings was whether the hearing should be postponed or should proceed with just a quorum present. The record was also considered deficient by the State due to the loss of the record of the testimony of Lois Strand, which apparently resulted from a tape recorder malfunctioning. Two affidavits, one by Lois Strand, the witness whose testimony was not recorded, and the other by counsel for the State, summarized the testimony. These corrections sufficiently cured the defect in this case in view of the fact that no claim is made that the affidavits are in error on any material issue. *Waterman v. State*, 35 Misc.2d 954, 232 N.Y.S.2d 22 (1962).

Finally, the district court held that the exclusion of a witness, Beth Jarman, the Director of the State agency, from a portion of the administrative hearing was reversible error. We agree. Exclusion of

---

**2.** The appropriateness of challenging the Merit System Council's order by extraordinary writ in the district court was not raised in this case.

The issue was not presented to this Court and therefore is not addressed in this decision.

witnesses is a practice designed to prevent a person's testimony from being influenced by the testimony given by other witnesses. *Taylor v. United States,* 388 F.2d 786 (9th Cir. 1967). The time-honored practice in judicial proceedings is codified in Rule 43(f), U.R.C.P., providing:

> Upon motion of either party, the court shall exclude from the courtroom any witness of the adverse party, not at the time under examination, so that he may not hear the testimony of the other witnesses.[3]

■ Statutes in a number of jurisdictions establish the right of a party to an action to remain in attendance during the entire trial.[4] Our rule is silent on that issue. In some cases there may be reason to differentiate between administrative and judicial proceedings, but in this case we hold that the State's personal representative was not subject to exclusion.[5] Cf. 6 *Wigmore on Evidence* § 1841 (Chadbourn rev. ed. 1976); 75 Am.Jur.2d *Trial* § 62 (1974). This conclusion is based on the proposition that a party's presence at the proceedings may be essential in assisting in the presentation of its case and otherwise protecting its interests by observing the conduct of the trial.

The necessity of preserving fundamental requirements of procedural fairness in administrative hearings was stated in *Interstate Commerce Commission v. Louisville & Nashville R. R. Co.,* 227 U.S. 88, 93, 33 S.Ct. 185, 187, 57 L.Ed. 431 (1913):

> The Commission is an administrative body and, even where it acts in a quasi-judicial capacity, is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. *Int. Com. Comm. v. Baird,* 194 U.S. 25, [24 S.Ct. 563, 48 L.Ed. 860]. But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. In such cases the Commissioners cannot act upon their own information as could jurors in primitive days. All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding  .  .  . .

■ We recognize that administrative hearings need not have all the formality of judicial procedure and that the degree of formality may depend on the nature of the administrative proceeding. We also recognize that the person excluded was a representative of the State. Because governmental entities and private citizens are not on an equal footing as to constitutional prohibitions and because an arm of the State is involved herein, the constitutional requirements of due process do not apply to the State as they would to a private citizen. Yet in this case, the State, in accordance with the Merit Council procedural rules and because of the nature of the case involved, should also be allowed to have its representative in attendance at the Council hearing in order to present, or assist in presenting, the State's case in chief and rebuttal evidence, and to conduct or assist in conducting cross-examination to assure an accurate and complete disclosure of the facts. See *Entre Nous Club v. Toronto,* 4 Utah 2d 98, 287 P.2d 670 (1955); 2 Am.Jur.2d *Administrative Law* § 397 (1962).

The question of whether the director of the plaintiff agency was actually a party to the proceedings which heard defendant's appeal and thus entitled to be present is answered in the affirmative by the Merit

---

**3.** Whereas Rule 43(f) provides mandatory exclusion on motions, U.C.A. § 78–7–4 (1953), as amended, provides the court with a discretionary power to exclude witnesses from hearing testimony of others.

**4.** Compare, e. g., Tennessee Code § 24–106 (1955); Texas Rules of Civil Procedure, Rule 267; Uniform Rules of Evidence, Rule 615.

**5.** A party litigant who is also a witness may be requested to testify first. See *Moore v. Chambers,* Miss., 199 So.2d 261 (1967).

System Council's procedural rules. The Merit System Procedures, Article III, § 2, ¶ 2b(3)–2b(3)(d) provide:

(3) At the close of the agency representative's oral statements and the testimony or evidence offered by agency witnesses, *questions may be directed to the representative and each witness by interested parties. Interested Parties are as follows,* and they shall raise questions in the order named and at times called upon by the chairman.

(a) *The agency representative, on the testimony and evidence of agency witnesses; and agency witnesses, on the testimony and evidence of the representative and of each other witness.*

(b) *The appellant, on the testimony and evidence offered by the agency representative and each agency witness.* Questions of the appellant at this point should be aimed at focusing the attention of the Council on what he considers to be weaknesses of the agency's position or on points that he will make later when presenting his case. This is not the proper place for rebuttal or counter arguments.

(c) The Merit System Director, on the testimony and evidence of the agency representative and each agency witness.

(d) Council, on the testimony of and evidence offered by the agency representative and each witness. [Emphasis added.]

Article III, § 2, ¶ 2(c) provides an identical procedure for the opposition:

(c) Presentation of the appellant's case—The procedure here shall be exactly the same as that for presentation of the case of the agency except that the roles of the agency representative and witnesses and those of the appellant and his witnesses shall be reversed.

No agency representative with full knowledge of the case was present at the proceedings to propose questions. The Council cannot violate its own procedural rules by denying an appropriate agency representative access to the proceedings. See *Gardner v. F.C.C.*, 530 F.2d 1086 (D.C.Cir. 1976); *Palmer v. Weinberger*, 396 F.Supp. 654 (W.D.N.Y.1975); *United States v. RCA Alaska Communications, Inc.*, Alaska, 597 P.2d 489 (1978); and *Moore v. Oregon State Penitentiary Corrections Div.*, 16 Or.App. 536, 519 P.2d 389 (1974). Defendants contend that the procedural rules are merely "guidelines," but administrative regulations are presumed to be reasonable and valid and cannot be ignored or followed by the agency to suit its own purposes. Such is the essence of arbitrary and capricious action. Without compelling grounds for not following its rules, an agency must be held to them. See *Bess v. Park*, 144 Cal.App.2d 798, 301 P.2d 978 (1956); *Augustin v. Barnes*, 41 Colo.App. 533, 592 P.2d 9 (1978); *State v. Parham*, Okl., 412 P.2d 142 (1966); and *Lumpkin v. Dept. of Social & Health Services*, 20 Wash.App. 406, 581 P.2d 1060 (1978). The attendance by Deputy Director Grundfossen, an ad hoc representative who directed another arm of the operation and lacked full knowledge of the instant case, was not sufficient to provide the agency with appropriate representation.[6]

The judgment of the trial court is affirmed.

CROCKETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.

---

6. The deputy director's presence could have been sufficient had he been properly designated by the appropriate party as its representative.