**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALLIED DISTRIBUTING CORPORATION and Standard Optical Company, Respondents.**

**No. 6757.**

United States Court of Appeals
Tenth Circuit.

Dec. 11, 1961.

A. Brummel, Atty., National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Allison W. Brown, Jr., Atty.,

National Labor Relations Board, Washington, D. C., were with him on the brief), for petitioner.

George E. Bridwell, of Bridwell & Reynolds, Salt Lake City, Utah, for respondents.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSON, District Judge.

BREITENSTEIN, Circuit Judge.

Pursuant to Section 10(e) of the National Labor Relations Act,[1] the National Labor Relations Board petitions for the enforcement of an order directed against respondents, Allied Distributing Corporation and Standard Optical Company. The Board found that the respondents had violated Section 8(a) (1) of the Act [2] by making threats of economic reprisal to dissuade employees from selecting the International Union of Electrical, Radio and Machine Workers, AFL–CIO, as their bargaining representative and had also violated Sections 8(a) (3) and (1) [3] by discharging employees Story, Benton, and Amador because of their activities on behalf of the Union.

■ The respondents contended before the Board that there was no wrongful motive for the discharges and that the discharges resulted from a planned program to reduce personnel as an economy measure made necessary by unusual capital expenditures. In his brief and oral argument to this court, counsel for the respondents does not press the point of the sufficiency of the record to sustain the decision of the Board. In the circumstances no good purpose will be served by detailing the evidence. It is sufficient to say that we have reviewed the record and conclude that the unfair labor practices found by the Board were established by substantial evidence.

Respondents argue that they have been denied procedural due process in violation of the Fifth Amendment. The issues joined by a complaint filed with the Board by its regional director and the answer of the respondents were heard by a trial examiner in Salt Lake City, Utah, on March 9, 1960, and full opportunity was afforded for the introduction of evidence. By his report dated May 26, 1960, the trial examiner found the respondents had committed the unfair labor practices in question. On June 20, 1960, the respondents filed exceptions to the report, a motion to reopen the hearing, and a request for oral argument before the Board. By its March 15, 1961, decision and order the Board denied oral argument, denied the motion to reopen, and sustained the examiner.

■ Complaint is made that the Board in its order denying both the request for oral argument and the request for reopening of the hearing referred to such motions as having been made by the Union. This blunder is admitted by the Board but it was not prejudicial and did not deny due process. In declining to hear oral argument the Board stated that "the record, exceptions, and brief adequately present the positions of the parties." The statute provides that, after evidence is taken at hearing on charges of unfair labor practices and after a written transcript thereof is filed with the Board, it may "in its discretion * * hear argument." 29 U.S.C.A. § 160(c).

■ The Supreme Court has not interpreted the Fifth Amendment as guaranteeing any particular form of procedure.[4] Here, the statute has left the grant or denial of oral argument to the discretion of the Board. Londoner v. City & County of Denver, 210 U.S. 373, 28 S.Ct. 708, 52 L.Ed. 1103, is not in

1. 29 U.S.C.A. § 160(e).

2. 29 U.S.C.A. § 158(a) (1).

3. 29 U.S.C.A. §§ 158(a) (1) and 158(a) (3).

4. See Federal Communications Commission v. W. J. R., The Goodwill Station, Inc., 337 U.S. 265, 275, 69 S.Ct. 1097, 93 L.Ed. 1353; National Labor Relations Board v. Mackay Radio & Telegraph Co., 304 U.S. 333, 351, 58 S.Ct. 904, 82 L.Ed. 1381; and Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 80 L.Ed. 1288.

point. That case involved tax assessment proceedings in which the objectors were not given an opportunity to be heard other than by the submission of their objections in writing and there was no right of court review. In the instant case there was a full hearing before the examiner, review of his report by the Board upon exceptions and briefs, and the instant enforcement proceedings in this court. As we see it, the statutory procedure for determining and deterring unfair labor practices meets all the requirements of due process and the Board did not abuse the discretion given it to hear, or refuse to hear, oral argument.[5]

The petition for enforcement is granted.

---

5. Cf. National Labor Relations Board v. Clausen, 3 Cir., 188 F.2d 439, 444, certiorari denied 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 653.