**Sue F. FOOTE, Plaintiff,**

v.

**Caspar W. WEINBERGER, Secretary of HEW, Defendant.**

**Civ. A. No. 73–H–1713.**

United States District Court,
S. D. Texas,
Houston Division.

July 5, 1974.

Robert J. King, of Liddell, Sapp, Zivley & Brown, Houston, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., and Robert Darden, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM OPINION

NOEL, District Judge.

In August of 1972, this plaintiff filed an application to establish a period of disability and for entitlement to disability insurance benefits pursuant to Sections 216(i) and 223, respectively, of the Social Security Act, as amended. 42 U. S.C. §§ 416(i) and 423. After a hearing in April of 1973 and the receipt of additional medical evidence, the Administrative Law Judge announced his opinion that plaintiff's application should be denied. The cornerstone of the Hearing Decision appeared to be the Administrative Law Judge's conclusion that "the claimant was not under a 'disability,' as defined in the Social Security Act, at any time prior to the date of this decision." (See page 21 of the transcript of the entire record of the administrative proceedings, hereinafter referred to as "Tr.") The Hearing Decision became final when, on October 31, 1973, the Appeals Council of the Social Security Administration approved the action of the Administrative Law Judge. This suit was brought against the Secretary of Health, Education and Welfare under Section 205(g) of the Act, 42 U.S.C. § 405(g), to review that final decision.

As to facts, the findings of the Secretary (by which is meant the final administrative determination, however made) are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). Thus, judicial review of factual findings is strictly limited. Celebrezze v. Zimmerman, 339 F.2d 496 (5th Cir. 1964). Conflicts in the evidence are to be resolved by the Secretary, not the courts. Martin v. Finch, 415 F.2d 793 (5th Cir. 1969). "When," however, "the fact findings carry with them such operational finality as they do under this statutory plan, *we must be certain* that in arriving both at the ultimate decision and the essential subsidiary facts, the [Administrative Law Judge] has evalu-

ated all of the evidence under proper standards." Hayes v. Celebrezze, 311 F.2d 648, 654 (5th Cir. 1963), emphasis added.

The statutory standards governing the determination of a disability are found in Section 223(d) of the Social Security Act, 42 U.S.C. § 423(d), which provides in pertinent part:

(1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

. . . . . .

(2) For purposes of paragraph (1)(A)—

(A) an individual . . . . shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

. . . . . .

(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory techniques.

Social Security Regulation No. 4 supplements the statute with the following:

*Conclusion by physician regarding individual's disability.*

. . . . The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments. 20 C.F.R. § 404.1526.

It was in the interpretation of these statutory and administrative standards that the Administrative Law Judge erred. How this was done must be explained in the context of the facts of this case.

The bulk of plaintiff's claim rested on her alleged practical inability to use her hands. This functional limitation, it was asserted, was the result of her suffering from "carpal tunnel syndrome." This diagnosis was not seriously contradicted by any medical testimony or other evidence. The primary issue on this score, as acknowledged by the Administrative Law Judge, was the severity of this condition, i. e. "the precise degree of functional loss or restriction." Tr. 16. As to this, the evidence was in conflict. In resolving this conflict the Administrative Law Judge took the approach that the legal standards quoted above required that "subjective" evidence be discounted or ignored and that "objective" evidence be the source of any conclusion.

The Hearing Decision contains several examples of this analysis being followed. In summarizing the evidence provided by Dr. Joseph Klotz, the Administrative Law Judge observed that ". . . . sensory examination of this area [the hands] revealed an apparent hypethesia over the median nerve distribution on the right. This was *subjective*." Tr. 14, emphasis supplied here and throughout. This subjectivity was presumably to be contrasted with Dr. Klotz' *"objective* clinical findings" tending to show a normal condition. Tr. 18.

When introducing his evaluation of the evidence, the Administrative Law Judge declared, "However, in order for such limitations to merit consideration and a determination of 'disability' as defined in the Social Security Act, an allegation of functional limitation must be medically determinable, that is, it must be shown that it results from *organic dysfunction or other demonstrable causes*." Tr. 16. The Hearing Decision also carefully records that Dr. Ralph Mun-

slow "stated that there was *subjective* evidence of pain of the right wrist and as to her left hand. . . ." Tr. 17. The diagnosis of Dr. M. C. Rittiman was discounted thus: "However, it must be noted that Dr. Rittiman's opinion is not supported by any clinical diagnostic findings of *objective* pathology." Tr. 19.

Without exception, the objective/subjective dichotomy was employed by the Administrative Law Judge to discredit testimony or other evidence favorable to plaintiff and to bolster evidence harmful to her. This was apparently made possible by the very nature of the "carpal tunnel syndrome." The Medical Advisor employed to assist the Administrative Law Judge at the hearing, Dr. W. C. McKinney, testified that the most common, and sometimes the only, symptom of this syndrome is pain —a wholly subjective symptom.

However that may be, it is clear that the applicable standards were misinterpreted. The Court of Appeals for the Fifth Circuit has decisively rejected the gloss put upon the statute and regulations in the Hearing Decision this Court now reviews. Page v. Celebrezze, 311 F.2d 757 (5th Cir. 1963). With little subtlety, the Administrative Law Judge did attempt to "restrict medical investigation, examination and opinion to only those things described as 'objectively clinical' . . . ." He did abdicate his responsibilities by looking to "that very limited field of medical science (if there is such) that deals alone with objective symptoms and demonstrable laboratory analysis." *Page*, supra, at 763.

By requiring that the severity of plaintiff's condition be established by objective evidence alone, the Administrative Law Judge applied an incorrect legal principle. Prewitt v. Gardner, 389 F.2d 993 (5th Cir. 1968). Accordingly, this case must be remanded for further proceedings at the administrative level. This Court intimates nothing regarding the proper outcome upon reconsideration by the Secretary.