**Minnie A. BALDRIDGE, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. Civ. 73-0-215.**

United States District Court,
D. Nebraska.

Oct. 1, 1974.

# 1242

Gerald M. Harrington, Omaha, Neb., for plaintiff.

William K. Schaphorst, U. S. Atty., Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for defendant; Paul P. Cacioppo, Regional Atty., Dept. of Health, Ed. & Welfare, Kansas City, Mo., of counsel.

## MEMORANDUM OPINION

SCHATZ, District Judge.

Mrs. Minnie A. Baldridge, plaintiff in this action, submitted a claim to the Secretary of Health, Education and Welfare for disability benefits. A hearing was held at which claimant, who was represented by counsel, had the opportunity to introduce evidence to substantiate her claim. The hearing examiner ruled adversely to Mrs. Baldridge and after having exhausted administrative remedies, she brought this suit under 42 U.S.C. § 405 seeking judicial review of the Secretary's actions. Both parties have submitted motions for summary judgment and the record below was introduced into evidence. The only question before the Court is whether the administrative law judge's findings were supported by substantial evidence based on the record as a whole. Yawitz v. Weinberger, 498 F.2d 956 (8th Cir. 1974). Of course, the Court must also be assured that the conclusions reached have a reasonable basis in law. Ainsworth v. Finch, 437 F.2d 446, 447 (9th Cir. 1971).

A brief review of the record shows that claimant had a ninth grade education and the equivalent of a high school diploma. Her prior employment experience included work as a machine operator, clerk/cashier, attendant in a nursery school, and as an attendant in a geriatrics ward. Throughout her life claimant has had a history of poor health. She submitted a claim for disability benefits alleging that she was unable to work from February, 1971, because of a back condition. She had a low back impairment caused by spondylolisthesis which was remedied by a spinal fusion in July, 1971. As the Court understands plaintiff, this back impairment was satisfactorily cured by the spinal fusion and is only relevant in that it contributed to her alleged disability for the early part of the twelve-month period for which plaintiff must show a disability. After the post-operative period, plaintiff's claims of disability must be caused by her present condition before she is entitled to recovery.

Claimant testified that her joints are stiff and painful, particularly in the hips. Because of this pain and stiffness she is unable to stand or sit for long periods of time. She also testified as to having headaches, dizziness, faintness, numbness, blurring of vision, etc., on some occasions. On some days, she felt well enough to do light housework, and on other days her pain and exhaustion precluded her from doing any amount of work however light. In connection with her claim plaintiff was examined by three doctors whose reports were submitted as evidence. In late January, 1972, Doctor Richard Smith, an orthopedic specialist, examined her at the request of the Secretary. The orthopedic examination revealed no objective evidence of an impairment except the spinal fusion which would prevent her from excessive bending and lifting. The doctor thought that a large part of her problem was emotional and that claimant was sufficiently healthy to return to work as a hospital assistant.

Claimant's personal physician, Doctor Saville, a specialist in internal medicine, submitted a report dated June 21, 1972, after an examination and laboratory tests that indicated the following:

Connective tissue disease non-specific possibility of mild S.L.E. [S.L.E. stands for systemic lupus elythematosus, which is a connective tissue disorder.]

At the hearing which was held on July 14, 1972, the administrative law judge was concerned with this finding and requested the claimant's doctor to submit additional information to clarify his report. After the hearing, Doctor Saville

responded by letter stating that claimant had a connective tissue disorder which was probably S.L.E., although the symptoms were relatively mild for that disorder. While it was difficult to make a prognosis, he felt that she would be able to work on some days and unable to work on other days. Approximately one month after this letter was received, the administrative law judge stated that the evidence did not clearly show the nature and extent of the impairment and he requested another examination. At government expense claimant was examined by Doctor Charles Hankins, a specialist in internal medicine and a report dated October 6, 1972, was submitted to the hearing examiner. Doctor Hankins found that the numbness and dizziness might be caused by hyperventilation. With respect to S.L.E., his laboratory findings did not indicate that disease and in his opinion the possibility of S. L.E. was "remote." There was a "large functional problem" present. After all the evidence had been received, the hearing examiner denied Mrs. Baldridge's claim for disability payments, finding that she had failed to meet the burden of proving a medical impairment and even if she did have S.L.E., it was not of sufficient severity to prevent her from returning to work as a hospital assistant.

The burden is on the claimant to establish a "disability," which is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 416(i)(1). Thus, plaintiff must show that there is (1) a medically determinable physical or mental impairment; (2) the claimant is unable to engage in substantial gainful activity; and (3) the inability is caused by the mental or physical impairment. *See* Garrett v. Richardson, 471 F.2d 598 (8th Cir. 1972); Yawitz v. Weinberger, *supra*. Congress has made the hearing examiner the finder of fact and this Court must uphold his decision as long as it is supported by substantial evidence, *i. e.*, relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In the instant case, two doctors were unable to find any objective medical evidence to support plaintiff's claims. Both doctors and the hearing examiner indicated that plaintiff's symptoms were caused by or magnified by her emotional state of health. On the other hand, plaintiff testified about her symptoms and her doctor had found that she probably had a mild case of S.L.E. which would prevent her from working full time. All three doctors had personally examined her and, of the two doctors who had taken laboratory tests, one found indications of a medical disease and another did not. Although Doctor Smith apparently made no laboratory tests, he observed no swollen joints, limitation of motion or other objective evidence of pathology. Conflicting medical evidence is for the hearing examiner to resolve, Richardson v. Perales, 402 U.S. at 399, 91 S.Ct. 1420, and the Court finds that the decision below was based upon substantial evidence. Most of the evidence regarding plaintiff's alleged disability revolved around her own statements of pain and numbness. In diagnosing the possible ailment, the doctors were dependent upon plaintiff's statement of her symptoms and at least one doctor found that plaintiff was unable to adequately describe her symptoms. Such subjective symptoms are difficult or impossible to prove or disprove. The hearing examiner may not disregard such subjective evidence because the pain, which is real to the claimant, may provide the basis for a disability even though the subjective symptoms are unsupported by objective medical evidence. Bittel v. Richardson, 441 F.2d 1193 (3rd Cir. 1971). *See also* Payne v. Weinberger, 480 F.2d 1006 (5th Cir. 1973). The hearing examiner, however, may weigh the subjective statements against the medically observable facts and opinions of the examining physicians, keeping in mind the interest

and credibility of the witnesses. Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965); Anderson v. Richardson, 352 F.Supp. 1203 (E.D.Pa.1972). The written opinion of the examiner clearly shows that he considered plaintiff's testimony, the opinions of all the physicians, and the underlying medical facts established by the examinations and the laboratory tests. The Court cannot say that he was unreasonable in ascribing little weight to plaintiff's testimony and in following two doctors' opinions. His decision that plaintiff failed to prove a medical impairment is supported by both Doctors Smith and Hankins.

Even assuming that the evidence mandated a finding that the claimant was suffering from a medical impairment, the plaintiff must establish that she is unable to engage in any substantial gainful activity. The evidence regarding that issue is also conflicting. Both plaintiff and Doctor Saville stated that she could work on some days but not on others. Doctor Smith found nothing in her condition which would keep her from working. Doctor Hankins expressed no opinion on her ability to work. The hearing examiner could reasonably base his decision on his own observation of plaintiff and on Doctor Smith's findings, and resolve the conflict against the claimant.

It should also be noted that the hearing examiner held only that claimant failed to carry her burden of proof. Should her condition become worse or should her condition be positively diagnosed, she may still apply for disability payments through January, 1975. The record discloses that Mrs. Baldridge was ably represented by counsel at the hearing and subsequent proceedings. The hearing examiner allowed her and her counsel every opportunity to present her side of the case and, when a doubt arose, he requested a clarification from Doctor Saville and a physical examination from Doctor Hankins. Claimant received a

fair hearing, the decision was based on substantial evidence and Mrs. Baldridge is not entitled to summary judgment. A separate order in accordance with this opinion shall be entered this day.