**Daniel L. TESCHNER, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**No. 72–C–620.**

United States District Court,
E. D. Wisconsin.

Feb. 5, 1975.

Robert A. Kennedy, Crandon, Wis., for plaintiff.

William J. Mulligan, U. S. Atty. by David B. Bukey, Asst. Atty. Gen., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for review of a final decision of the secretary of health, education and welfare denying the plaintiff's claim for disability insurance benefits. It is before the court on the defendant's motion for summary judgment, here treated as a motion for judgment on the pleadings, including the record of the administrative proceedings. See Torphy v. Weinberger, 384 F.Supp. 1117 (E.D.Wis.1974).

The issues presented are (1) whether the final decision of the secretary is supported by substantial evidence; (2) whether the appeals council could accept new evidence not considered by the hearing examiner; and (3) whether it was necessary for the appeals council to afford the plaintiff an opportunity for oral argument in the area of his residence. I conclude that the defendant's motion for judgment should be granted.

The plaintiff filed an application for a period of disability and for disability insurance benefits alleging that he became unable to work on June 1, 1969. Tr. 59–62. The application was denied initially as well as upon reconsideration. Tr. 66–67.

An administrative law judge then considered the case *de novo* and found that the plaintiff was under a disability as of June, 1969. Tr. 18–19. On its own motion, the appeals council reviewed this decision. On the basis of the record below, plus evidence not before the administrative law judge, the appeals council determined that the plaintiff was not under a disability. Tr. 6–16. The appeals council's decision represents the final decision of the secretary of health, education and welfare.

I have examined the record of the administrative proceedings. In my judgment there exists substantial evidence to support the final decision of the secretary; accordingly, the secretary's decision must be upheld under 42 U.S.C. § 405(g). In that "final decision" it was found that the plaintiff was impaired by a "personality disorder with alcohol addiction" but that such impairment did not preclude him from engaging in substantial gainful activity. Tr. 5–15. A psychiatric consultant suggested that there was no sustained impairment due to the use of drugs or alcohol. Tr. 115.

The plaintiff's earnings record, obtained by the appeals council, reveals that from July 1, 1969, through December 31, 1969, his earnings were $2168.-66; in 1970 his wages were $1566.44; and in 1971 they were $1593.31. Tr. 129–130, 147–148. Mr. Teschner's history suggests that he works and then quits for personal reasons or is terminated for unexplained or unexcused absenteeism. Tr. 74–77, 133–146.

Even with a final diagnosis of anxiety neurosis, he was found correctly oriented in all three spheres; there was no evidence of hallucinations or delusions. Tr. 92–98. Anxiety, without more, is not considered sufficiently disabling so as to prevent an individual from engaging in substantial gainful activity. The conclusion of the plaintiff's

physician that he was disabled does not bind the secretary. Besseck v. Finch, 342 F.Supp. 957 (W.D.Va.1972). This is especially true in view of the report of a psychiatrist (Tr. 125–127) which corroborated the finding of yet a third doctor (Tr. 115–116) that the plaintiff, while impaired, was not disabled. See Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■■ The fact that the plaintiff receives a disability pension from the Veterans Administration is not controlling. Entrekin v. Weinberger, 477 F.2d 561 (5th Cir. 1973). It should also be noted that, contrary to the position advanced by the plaintiff, due process does not require that the agency officer or officers who ultimately decide the facts must personally hear the witnesses testify. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936). I conclude that the final decision is based on substantial evidence.

■ It is clear that the appeals council was entitled to accept new evidence not considered by the administrative law judge. 20 C.F.R. § 404.943 provides in pertinent part that:

"Evidence in addition to that admitted into the hearing record by the Administrative Law Judge may not be received as evidence except where it appears to the Appeals Council that such additional evidence may affect its decision. If no additional material is presented but such evidence is available and may affect its decision, the Appeals Council shall receive such evidence or designate an Administrative Law Judge or member of the Appeals Council before whom the evidence shall be introduced. Before such additional evidence is received, notice that evidence will be received with respect to certain matters shall be mailed to the parties, unless such notice is waived, at their last known addresses, and the parties shall be given a reasonable opportunity to present evidence which is relevant and material to such matters."

The plaintiff was supplied with copies of all of the additional evidence obtained by the appeals council. Tr. 149–150. When the appeals council requested written comments regarding the documents it intended to incorporate into the record, the plaintiff's attorney failed to raise specific objections or state a need to cross-examine specific witnesses. Tr. 151. Instead, he discussed the evidence before the hearing examiner; he did not request remand for an evidentiary hearing or subpoenas. See 20 C.F.R. §§ 404.950(b) and 404.926.

■ The record indicates that the plaintiff had a complete hearing before an administrative law judge in the area of his residence. At that hearing he had a full opportunity to present his position, cross-examine witnesses and rebut adverse evidence. Upon deciding to review the administrative law judge's decision, the appeals council was authorized to receive additional evidence and consider the facts and appropriate law de novo. 20 C.F.R. §§ 404.947–404.950. As noted, copies of such additional evidence were supplied to the plaintiff and his comments and objections were invited. The opportunity to request a remand for the purpose of taking additional testimony must be deemed to have been waived.

■ The plaintiff's final contention is that he was denied due process because had oral arguments been scheduled, they would have been entertained before the appeals council at Arlington, Virginia, rather than near his home.

Legal argument can be submitted either in written, 20 C.F.R. § 404.948, or in oral form, 20 C.F.R. § 404.942. See NLRB v. Allied Distributing Corp., 297 F.2d 679 (10th Cir. 1961).

Therefore, it is ordered that the defendant's motion for summary judgment, construed here as a motion for judgment on the pleadings, be and hereby is granted.

It is also ordered that this action be and hereby is dismissed.