**Nathaniel JONES, Plaintiff-Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 76–1047

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 14, 1976.

Michael S. Adelman, Hattiesburg, Miss., for plaintiff-appellant.

Robert E. Hauberg, U.S. Atty., L. A. Smith, III, Asst. U.S. Atty., Jackson, Miss., Carl H. Harper, Reg. Atty., Dept. of H.E.W., Katherine A. Yost, Asst. Regional Atty., Atlanta, Ga., for defendant-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Nathaniel Jones applied for Social Security disability insurance benefits on November 1, 1972. He had worked for almost twenty years at a steel mill, but he alleged that he had become unable to work on March 4, 1972, at age 38, because of his nerves and disturbed emotions. The Bureau of Disability Insurance denied appellant's application. He requested a reconsideration, and the information regarding his claim was reviewed. It was determined that appellant's impairment was not severe enough to prevent him from working for twelve months or longer, and the denial of his claim was upheld.

The appellant requested a hearing. On March 7, 1974 a full hearing was conducted before an administrative law judge, who considered the case *de novo*. The appellant, accompanied by counsel, appeared and testified at this hearing. In addition, he submitted reports concerning five psychiatric examinations. The most recent of these examinations had been performed on May 7, 1973, and the administrative law judge determined that it would be advisable to have a more current psychiatric examination performed. Accordingly, he arranged for another consultative psychiatric examination and so advised the appellant. Upon

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

the advice of his attorney, who felt this was an unreasonable request, the appellant did not appear for the examination. 20 C.F.R. 404.1527 provides that in the absence of good cause, the failure of an applicant to present himself for such an examination is in itself a basis for determining that the claimant is not under a disability. The administrative law judge denied the appellant's claim for benefits, although not on the basis of the above regulation. Instead, he based his decision on all the medical evidence and testimony elicited at the hearing.

The Appeals Council approved the administrative law judge's decision, and the appellant brought this action against the Secretary of Health, Education, and Welfare in district court, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). He alleged that the decision and order of the administrative law judge were contrary to the evidence. Concluding that there was "more than substantial evidence to support the view that the plaintiff was not disabled within the meaning of the Act," the district court granted the Secretary's motion for summary judgment. We affirm.

In reviewing the denial of Social Security benefits, the primary function of this court is not to reweigh the evidence, but to determine whether there is substantial evidence to support the Secretary's de-cision. *Burdett v. Finch,* 425 F.2d 687 (5th Cir. 1970); *Rome v. Finch,* 409 F.2d 1329 (5th Cir. 1969), *cert. denied,* 396 U.S. 943, 90 S.Ct. 379, 24 L.Ed.2d 244 (1969). The doctor who examined the appellant in January of 1973 (the only doctor who examined him on more than one occasion) determined that appellant was in the process of recovering from his depressive reaction and anticipated that he would be capable of returning to work, either to his former job or a new job. He did not think active psychiatric treatment was necessary. The last doctor to examine appellant, in May of 1973, found only moderate impairment of his vocational activities. The administrative law judge found that the claimant's appearance, testimony and demeanor at the time of the hearing did not indicate severe emotional or mental problems. After a careful review of the record, including the administrative transcript, we conclude that there was substantial evidence to support the conclusion that appellant was not entitled to the benefits claimed.

AFFIRMED.