Violet L. **PALIK**, Plaintiff,

v.

F. David **MATHEWS**, Secretary of the Department of Health, Education and Welfare of the United States of America, Defendant.

Civ. No. 76–0–2.

United States District Court, D. Nebraska.

Nov. 19, 1976.

---

1. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

2. For reasons listed *supra.*

Vard R. Johnson, Omaha, Neb., for plaintiff.

Daniel E. Wherry, U. S. Atty., D. Neb., G. Roderic Anderson, Asst. U. S. Atty., D. Neb., Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

Plaintiff instituted this action on January 6, 1976, under § 205(g) of the Social Security Act (hereinafter referred to as the Act), 42 U.S.C. § 405(g), to review a final decision of the Secretary of the Department of Health, Education and Welfare which denied her claim for disability insurance benefits under the Act.[1]  Currently, pending before the Court are cross-motions for summary judgment pursuant to Rule 56, Fed.R. Civ.P.

### I.

Plaintiff, Violet L. Palik, filed her application on October 11, 1972, to establish a period of disability and to obtain disability insurance benefits.  Plaintiff's application states that she was born September 6, 1920, and became unable to work in 1968 at the age of 48, because of bronchitis, asthma, and multiple allergies.  On November 1, 1972, plaintiff changed the alleged date of onset to 1960.

Upon the denial of plaintiff's claim by the Social Security Administration, plaintiff requested a hearing.  A hearing was then conducted on March 14, 1975, wherein plaintiff was represented by counsel.  The administrative law judge found that plaintiff was not under a "disability" as defined in the Social Security Act any time when she met the "earnings" requirement of law. The Appeals Council of the Social Security Administration affirmed the administrative law judge's decision of November 7, 1975.

For insured status under the Act, 42 U.S.C. §§ 416(i)(3)(B) and 423(c)(1)(B), an individual is required to have 20 quarters of coverage in the 40-quarter period ending with the first quarter of disability.  It is undisputed that Mrs. Palik last met this earnings requirement on June 30, 1964. Therefore, unlike most social security cases, the question here is not whether Mrs. Palik is currently disabled—the administrative law judge found that she was—but whether she was disabled some eight years prior to her application.

### II.

Mrs. Palik has an eighth grade education. Between the years of 1952 and 1968, she intermittently held a number of jobs including seamstress, factory worker and general clerical employment.

---

1.  42 U.S.C. §§ 416(i), 423.

Plaintiff's early medical records indicate that she was hospitalized from April, 1946, to May, 1948, for tuberculosis. Mrs. Palik testified that from the time of her release from the sanitarium until the present, she has suffered progressively worse asthma attacks at intervals of once or twice a year. She further stated that in May or June of 1960 she suffered an asthma attack which resulted in her hospitalization. At the time of this attack, plaintiff was employed at Western Electric, Inc., filing burrs off of manufactured parts and supplies. According to her testimony, her physician advised her to quit her job at Western Electric because of the dust in the air. Plaintiff left Western Electric and did not seek employment again until 1965.

Mrs. Palik testified that in the 1960's she had at least one or two asthma attacks while cleaning house, which lasted approximately two weeks.

Plaintiff testified that she attempted to return to work in 1964 at the behest of threats and beatings from her alcoholic husband. From 1965 until 1968, Mrs. Palik made seven attempts to find and keep a job. The jobs would typically last two or three weeks until Mrs. Palik would be forced to quit because of asthma attacks which generally resulted in her hospitalization.

In 1965, plaintiff earned only $130.52 and in 1966 she earned only $153.16. In 1967, she worked three or four months, and held three different jobs in 1968. She earned $1,084.00 in 1967 and $984.00 in 1968.

In addition to plaintiff's testimony, the administrative record consists of medical records and evaluations. The record contains reports of 20 hospitalizations for Mrs. Palik from 1961 to 1972.

Dr. Donald Nilsson treated plaintiff from June 18, 1962, to September 15, 1966. He found her to be suffering from acute asthma, mild wheezing and increasing exertional dyspnea (shortness of breath). Dr. Nilsson found her to be allergic to a number of everyday items including dust, feathers, dog and cattle hair, and a number of molds and plants.

On October 27, 1964, plaintiff was hospitalized for epigastric pain. Final diagnoses of Dr. D. N. Mergens on November 11, 1964, were hypochlorhydria (insufficient production of hydrochloric acid in digestive system), trichomonas, bacterial vaginitis and endogenous depression. Plaintiff's medical records during this period indicate she suffered from psychoneurosis.

Plaintiff was hospitalized following an attempted suicide in July, 1965, manifested by an overdosage of meprobamate and aspirin. In a hospital report on Mrs. Palik showing an admission date of September 14, 1965, when she had surgery for removal of a foreign body from the cecum and an appendectomy, Dr. Mergens noted under comments that "prognosis guarded in chronic psychoneurotic." [Tr. 149].

During a 27 day period of hospitalization in 1969, Dr. Mergens, in consultation with three other physicians, had occasion to observe the patient closely and extensively. His final diagnosis was "psychoneurosis severe" and "cystourethrocele." [Tr. 239]. Only three days later, the patient was again hospitalized by Dr. Mergens for eleven days with numerous complaints. His hospital report states:

This patient has a most severe and disabling psychoneurosis with depressive symptoms, anxiety features and will not except (sic) any psychiatric diagnosis or help. She will probably tend to continue to be admitted to the hospital because of various complaints. [Tr. 261].

On September 20, 1972, Dr. Robert Murray hospitalized the plaintiff for asthma. His final diagnosis was "bronchial asthma, diabetes millitis, hypothyroidism, and psychoneurosis." [Tr. 185]. His synopsis at this time noted:

Patient is rehospitalized at this time for recurrent bronchial asthma precipitated primarily by extreme emotional stress due to marital problems at home. Patient is considering divorce in that her husband reportedly becomes drunk and beats the patient up. Extensive pulmonary evaluation was done by Dr. Lim

with considerable improvement in the patient's status while she was in the hospital. Emotional agitation, however, has been directly observed to reproduce attacks . . . . The patient was dismissed in a much improved condition. However, emotional stress may very well precipitate another attack. [Tr. 185].

### III.

Disability is defined by 42 U.S.C. § 423(d)(1)(A) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . to last for a continuous period of not less than twelve months." An individual is disabled only if his impairments prevent his performing not only his previous work, but considering his age, education and experience, preclude "any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The findings of the Secretary are to be sustained if supported by substantial evidence in the record as a whole. *Russell v. Secretary of Health, Education and Welfare,* 540 F.2d 353, 356 (8th Cir. 1976), *citing Celebrezze v. Bolas,* 316 F.2d 498, 500–01, 507 (8th Cir. 1963). *See also Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir. 1975); *Klug v. Weinberger,* 514 F.2d 423, 424 (8th Cir. 1975); *Yawitz v. Weinberger,* 498 F.2d 956, 959–60 (8th Cir. 1974); *Garrett v. Richardson,* 471 F.2d 598, 599–600 (8th Cir. 1972).

The issue in this case is not whether there is substantial evidence to support the Secretary's decision to deny disability benefits to plaintiff, but whether the Hearing Examiner applied the regulations of the Secretary properly, whether he considered all the relevant evidence and whether he accorded proper weight to the claimant's testimony.

Although Mrs. Palik described her impairment or illnesses in her application for disability insurance benefits as bronchitis, asthma, and allergies [Tr. 83], plaintiff's counsel made specific reference in his opening statement before the administrative law judge that she was also claiming psychiatric disorders. [Tr. 49]. Even in federal court, we allow plaintiffs to amend complaints to conform to the evidence. Rule 15(a), Fed.R. Civ.P. Nevertheless, the administrative law judge considered asthma and pulmonary problems as Mrs. Palik's primary impairment and made no findings as to plaintiff's psychiatric impairments, despite the evidence in the record. Standing alone, or in conjunction with physical impairment, psychiatric disorders can qualify individuals for disability benefits. *Murphy v. Gardner,* 379 F.2d 1 (8th Cir. 1967); *Marion v. Gardner,* 359 F.2d 175 (8th Cir. 1966). Furthermore, in assessing disability, the Secretary must consider all complaints together. *Gold v. Secretary of Health, Education and Welfare,* 463 F.2d 38 (2nd Cir. 1972). The failure of the administrative law judge to make a finding upon plaintiff's psychiatric disorder, together with her application for disability benefits which failed to state neurosis, leaves the reviewing court with the unavoidable inference that the administrative law judge failed to consider all of plaintiff's complaints.

Plaintiff testified at length at the hearing. This Court held in *Baldridge v. Weinberger,* 383 F.Supp. 1241 (D.Neb.1974) that "[t]he hearing examiner may not disregard such subjective evidence because the pain, which is real to the claimant, may provide the basis for a disability even though the subjective symptoms are unsupported by objective medical evidence." *Id.* at 1243. Nonetheless, the administrative law judge appears to have disregarded plaintiff's subjective testimony as immaterial. The administrative law judge held as follows:

> She then states she could not work regularly from 1960 until 1967 because of the asthma condition, returning to work because her husband (under the influence of alcohol) intimidated her and in effect forced her to return to work. Before discussing the credibility of this testimony, it is largely immaterial when evaluated by Social Security standards. The medical records during this period of time generally confirm the continuation of the chronic asthma, noting about the same number of acute episodes. [Tr. 33].

Mental "impairment may be medically determinable but, in few cases, could a conclusion of such impairment be supported by objective clinical findings." *Ross v. Gardner,* 365 F.2d 554, 558 (6th Cir. 1966) (citation omitted). Plaintiff's testimony must be considered along with her medical history.

Finally, the administrative law judge placed great reliance on plaintiff's 1967–68 work record. Pursuant to the authority granted him in Section 423(d)(4), the Secretary promulgated a Regulation for the evaluation of earnings from work. 20 C.F.R. § 404.1534(b) provides as follows:

An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity under the criteria in §§ 404.-1532 and 404.1533 and paragraph (a) of this section.

Plaintiff contends that the administrative law judge failed to consider the evidence that her work activities themselves establish her inability to engage in substantial gainful employment. Plaintiff's work records indicate that she worked at Indian Hills Inn 4–7 hours per day, 5 days per week from September, 1967, to July, 1968, and earned $1,084.09. The question which the Examiner failed to develop was whether Mrs. Palik's short work days were the result of her inability to work. Mrs. Palik's case "cannot be decided simply on the basis of [her] earnings, for her employment history is extraordinary." *Wilson v. Richardson,* 455 F.2d 304 (4th Cir. 1972). From 1967 to 1968, she worked at five different jobs. "A social security judge acts as an examiner charged with developing the facts, *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and is under an affirmative duty to inquire into all the matters at issue. 20 C.F.R. § 404.927." *Coulter v. Weinberger,* 527 F.2d 224, 229 (3rd Cir. 1975). There are exceptions to the amount of earnings test. For example, Section 404.1534(a) provides that:

Where an individual is forced to discontinue his work activities after a short time because his impairment precludes continuing such activities, his earnings would not demonstrate ability to engage in substantial gainful activity.

It is possible that Mrs. Palik's sporadic activities may demonstrate not her ability but her inability to engage in substantial gainful activity.

The Court is thus confronted with several grave errors of law

which form the basis of the Hearing Examiner's decision, and which constitute reversible error. The rule governing these cases has been clearly set forth in *Ferran v. Flemming,* 293 F.2d 568, 571 (C.A. 5), where the court stated:

"Our review is ordinarily, of course, limited to determining merely whether there is substantial evidence to support the administrative findings. But here, just as in the 'clearly erroneous' review of a judge's findings, *when the factfinder has failed to employ the proper legal standard in making its determination the finding may not stand. Mitchell v. Mitchell Truck Lines,* 5 Cir., 1961, 286 F.2d 721; *Henderson and Poole v. Flemming,* 5 Cir., 1960, 283 F.2d 882; *United States v. Williamson,* 5 Cir., 1958, 255 F.2d 512; *Mitchell v. Raines,* 5 Cir., 1956, 238 F.2d 186. *The facts must be evaluated by the administrator in the light or correct legal standards to entitle the administrative findings to the insulation of the substantial evidence test."* (Emphasis in text).

*Branham v. Gardner,* 383 F.2d 614, 626–627 (6th Cir. 1967).

As the facts have not yet been tested under the proper standards, the Court does not express any opinion on the ultimate decision to be reached. Despite the procedural safeguards a claimant enjoys and despite the attention the Department of Health, Education and Welfare devotes to social security claims, errors do occur and it is the function of judicial review to correct

such errors. The administrative law judge's failure to apply the relevant standards for determination of disability in the unusual circumstances in this case mandates reconsideration.

Accordingly, the case is remanded to the Secretary for further proceedings consistent with this opinion.