Pauline J. GRATES, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

No. 75–CV–451.

United States District Court, N. D. New York.

March 28, 1978.

Richard M. Daily, Ilion, N. Y., for plaintiff.

Paul V. French, U. S. Atty., Syracuse, N. Y., Joseph R. Mathews, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for defendant.

## MEMORANDUM-DECISION AND ORDER

MUNSON, District Judge.

This action seeks review of a decision of the Secretary of Health, Education and Welfare,[1] denying plaintiff's application for a period of disability and disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i), 423. The case is now before the Court on defendant's motion for a judgment on the pleadings or, in the alternative, for summary judgment.

Plaintiff filed an application for disability insurance benefits on July 23, 1973, alleging that she had been disabled since June, 1971, due to a nervous condition and hypertension. Plaintiff's application was denied initially by the Bureau of Disability Insurance of the Social Security Administration on October 12, 1973. Thereafter, plaintiff requested a reconsideration, and her application was again denied on February 19, 1974. A hearing was held before an Administrative Law Judge on October 3, 1974, and the Administrative Law Judge rendered a decision on January 31, 1975, finding that plaintiff was not disabled. This decision was subsequently affirmed by the Appeals Council.

The record reveals that plaintiff, who is fifty-four years old, has a tenth grade education and also has training as a key punch operator. Plaintiff has worked at a variety of jobs during her lifetime, the most recent of which were as an assembler and as a hospital maid. At the hearing, she described her principal symptoms as shaking and a general nervousness. She stated that she also experiences dizzy spells, heart palpitations, and a constant pounding on the side of her head. For her nervous condition, plaintiff takes Librium four times a day and also takes medication for high blood pressure and hypertension. In addition, she previously took medication for diabetes which, at the time of the hearing, was controlled by a special diet.

Plaintiff indicated that, while she was still employed, she lost many days from work because of her condition and said that her condition gradually got worse, forcing her to quit work in June, 1971. She further testified that she had difficulty doing her housework and now spends most of her time resting at home.

The record contains medical reports from several physicians who have examined the plaintiff. Dr. Ladislaus Merson, a general practitioner who has been plaintiff's treating physician since February 23, 1970, described plaintiff, on March 19, 1971, as nervous and edematous and again described her as nervous on November 5, 1971. On May 18, 1972, he noted that plaintiff had severe pain in the right temporal area. Dr. Merson reported, on September 25, 1973, that plaintiff was suffering from high blood pressure, weakness in the legs, a kidney infection and occasional attacks of dizziness and shaking.

On September 4, 1974, Dr. Merson characterized plaintiff as an extremely nervous and obese woman with blood pressure readings fluctuating between 180/90 and 160/90. Plaintiff was found to have diabetes which was under control, and a chemistry profile test was interpreted as normal. Dr. Merson said that plaintiff was suffering from considerable emotional instability and appeared to be unable to stand the responsibility of working. He indicated that plaintiff was quite overcome with complaints of generalized weakness, dizziness and a feeling of being faint, but he could find no overt neurological foundation for these symptoms. It was felt that there had been no significant improvement in plaintiff's condition despite the fact that several dif-

---

1. Joseph A. Califano, Jr. has succeeded F. David Mathews as Secretary of Health, Education and Welfare. Therefore, the Court has substituted Joseph A. Califano, Jr. as the proper defendant in this action. *See* Rule 25(d)(1), Fed.R.Civ.P.

ferent types of medication had been tried. Dr. Merson concluded that, "It is my medical impression that the patient certainly is not physically or emotionally stable enough to seek or hold any sort of gainful employment, and I doubt very much that any improvement in her status could be achieved."

On March 10, 1975, Dr. Merson reported that plaintiff's equilibrium is disturbed because of ear nerve deafness and reaffirmed his conclusion that plaintiff is totally disabled for purposes of employment.

Dr. Jaime Posada, a specialist in internal medicine and gastroenterology, examined plaintiff on November 27, 1973, and diagnosed her condition as obesity and severe anxiety. He indicated that plaintiff has full range of motion in all her joints, was not limited in her ability to walk, and could climb at least two flights of stairs. It was also said that she could carry up to twenty-five pounds on a sustained basis. The only limitation on plaintiff's activities that Dr. Posada noted was that which resulted from her complaints of shortness of breath which he, in turn, attributed to her obesity.

On November 9, 1974, Dr. Roger Chan, a psychiatrist, performed a consultative examination on the plaintiff, at the request of the Administrative Law Judge. Dr. Chan reported that plaintiff's affect indicated mainly one of moderate anxiety. He noted that she seemed to have some difficulty in concentration and showed poor performance in calculation. On the other hand, he observed that there were no disturbances in plaintiff's thinking processes. Plaintiff's orientation, memory and intellectual functioning were found to be intact, and delusions and hallucinations were not in evidence. Dr. Chan indicated that there was a moderate degree of impairment of plaintiff's ability to relate to other people, a moderate degree of constriction of her interests, a moderately severe restriction of her daily activities and no deterioration in her personal habits. In addition, he said that plaintiff's residual ability to perform work requiring frequent contact with others was poor and that her ability to perform complex and varied tasks was fair, but that her ability to comprehend and follow instructions and perform simple and repetitive tasks was good. Dr. Chan diagnosed plaintiff's condition as anxiety neurosis and recommended outpatient treatment at a mental hygiene clinic, which treatment he felt would result in a mild to moderate degree of improvement in three to six months. Dr. Chan concluded that plaintiff could perform both sedentary and strenuous activities provided that the work involves minimal stress and does not require decision making. He further noted that plaintiff was functionally limited by fears of leaving the house or going any place alone.

Plaintiff was also examined by Dr. Brian Earle who performed a psychiatric examination on March 12, 1975. Dr. Earle's report was not before the Administrative Law Judge, but was received into evidence by the Appeals Council. He observed that plaintiff was clenching her hands together and appeared tense during the interview. Her main complaint was of anxiety to the extent that she could not walk alone to the store or the bank. Dr. Earle diagnosed plaintiff's condition as anxiety neurosis and concluded, "In my opinion the combination of nerve deafness and a high anxiety level . . . would make it difficult for her to function in a job obtained in a competitive labor market so I would consider her completely disabled."

The record also contains reports from the Hearing Aid Service of Utica. The Hearing Aid Service described plaintiff's hearing loss as a bilateral, mixed hearing loss of moderate proportions.

The Administrative Law Judge found that plaintiff's mental condition was not of sufficient severity so as to preclude her from engaging in her customary occupation and, therefore, concluded that plaintiff was not disabled within the meaning of the Social Security Act.

The Court's function in the present case is limited to determining whether the Secretary's decision is supported by substantial evidence. *Jones v. Mathews*, 533 F.2d 308, 309 (5th Cir. 1976); *Gold v. Secretary of*

*Health, Education and Welfare,* 463 F.2d 38, 41 (2d Cir. 1972); *Franklin v. Secretary of Health, Education and Welfare,* 393 F.2d 640, 642 (2d Cir. 1968). In doing so, it must scrutinize the entire record, considering both evidence that supports and evidence that detracts from the Secretary's conclusion. *Day v. Weinberger,* 522 F.2d 1154, 1156 (9th Cir. 1975); *Clark v. Weinberger,* 389 F.Supp. 1168, 1169 (D.Vt.1974), *aff'd,* 511 F.2d 1390 (2d Cir. 1975). However, the Court is not to consider the case *de novo* and must sustain the Secretary's determination if reasonable. *Jackson v. Richardson,* 449 F.2d 1326, 1327 (5th Cir. 1971); *Palmer v. Weinberger,* 396 F.Supp. 654, 658 (W.D. N.Y.1975).

For purposes of the Social Security Act, disability is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or which can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

Thus, in order to be qualified for Social Security disability benefits, an individual must not only be suffering from a mental or physical impairment, but this impairment must be of sufficient severity to prevent the plaintiff from engaging in any substantial gainful activity. *Davila v. Weinberger,* 408 F.Supp. 738, 741 (E.D.Pa.1976); *Andrews v. Weinberger,* 395 F.Supp. 176, 180 (E.D.Va.1975). The burden of proving disability rests upon the plaintiff. *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir. 1975); *Franklin v. Secretary of Health, Education and Welfare, supra,* 393 F.2d at 642; *Hofacker v. Weinberger,* 382 F.Supp. 572, 575 (S.D.N.Y.1974).

In the present case, the medical evidence is conflicting. It is within the province of the Secretary to evaluate and resolve such conflicts in the evidence. *McHale v. Mathews,* 416 F.Supp. 1191, 1193 (S.D.N.Y.1976); *Bean v. Secretary of Health, Education and Welfare,* 374 F.Supp. 336, 341 (D.Kan.1974); *Foote v. Weinberger,* 377 F.Supp. 1347 (S.D. Texas 1974).

Dr. Merson and Dr. Earle both felt that plaintiff was completely disabled. On the other hand, the reports from Dr. Chan and Dr. Posada support a contrary conclusion. Dr. Chan said that plaintiff was functionally limited by fears of leaving the house or going any place alone, but a reading of Dr. Chan's report in its entirety indicates that Dr. Chan believed that plaintiff was not disabled. While he noted plaintiff's phobias, Dr. Chan concluded that plaintiff could perform both sedentary and strenuous activities provided that the work involves minimal stress and does not require decision making. Dr. Chan's subsidiary findings support his conclusion that plaintiff can engage in substantial gainful activity. As previously noted, he said that plaintiff's ability to comprehend and follow instructions and perform simple and repetitive tasks was good. Moreover, he observed no deterioration in plaintiff's personal habits and only a moderate impairment in her ability to relate to other people.

Dr. Posada's report also tends to support a finding of nondisability. While his examination seems to have been primarily concerned with plaintiff's physical condition, he apparently also gave some consideration to her mental condition as he reported that she was suffering from severe anxiety. However, he did not note any functional limitations placed upon plaintiff by her anxiety. He said that the only limitations on plaintiff's activities resulted from her shortness of breath which was caused by obesity.

■ Plaintiff argues that the Secretary has not given sufficient weight to the opinion of her attending physician. It is true that some courts have said that the opinion of the plaintiff's treating physician should be given more weight than the impressions of a doctor who has examined the plaintiff only once. *Wesley v. Secretary of Health, Education and Welfare,* 385 F.Supp. 863, 866 (D.D.C.1974); *Selig v. Richardson,* 379 F.Supp. 594, 601 (E.D.N.Y.1974); *Mullen v. Gardner,* 256 F.Supp. 588, 590–91 (E.D.N.Y. 1966). However, the Secretary is clearly

not bound by the conclusions of the plaintiff's physician regarding the existence of a disability and may reject his conclusions if there is substantial evidence to the contrary. *Sykes v. Finch*, 443 F.2d 192, 194 (7th Cir. 1971); *Teschner v. Weinberger*, 389 F.Supp. 1293, 1294–95 (E.D.Wis.1975); *Urgolites v. Finch*, 316 F.Supp. 1168, 1174 (W.D.Pa.1970).

 Plaintiff also argues that she should not be denied disability benefits on the basis of the unsworn hearsay reports of Dr. Chan and Dr. Posada. She acknowledges that hearsay is admissible in proceedings before administrative agencies but contends that there must be a residuum of non-hearsay evidence to support the agency's decision. The Supreme Court has rejected this argument. In *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), the Supreme Court held that written reports by physicians, who have examined the plaintiff, are admissible and can constitute substantial evidence in support of the Secretary's findings despite the hearsay character of the reports and despite the presence of opposing direct medical testimony and testimony by the plaintiff himself.

Plaintiff further contends that the Secretary failed to consider her subjective symptoms. Of course, it is reversible error for the Secretary to fail to consider the plaintiff's subjective complaints. *DePaepe v. Richardson*, 464 F.2d 92, 99 (5th Cir. 1972); *Bittel v. Richardson*, 441 F.2d 1193, 1195–96 (3d Cir. 1971); *Storck v. Weinberger*, 402 F.Supp. 603, 607 (D.Md.1975). However, the Court feels that the Secretary has given consideration to plaintiff's subjective complaints in the present case. The Secretary is not bound to accept plaintiff's self-serving statements. As trier of fact, he may reject these statements, keeping in mind the interest and motivation of the plaintiff. *Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir. 1969); *Peterson v. Gardner*, 391 F.2d 208, 209 (2d Cir. 1968); *Baldridge v. Weinberger*, 383 F.Supp. 1241, 1243–44 (D.Neb. 1974).

 The Court concludes that there is substantial evidence to support the Secretary's decision.

Accordingly, defendant's motion for summary judgment is granted.

It is so ordered.