Randy L. SHORTS, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 80–8 ERIE.

United States District Court,
W. D. Pennsylvania.

June 7, 1981.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., for defendant.

John Rellick, Northwestern Legal Services, Erie, Pa., for plaintiff.

OPINION

WEBER, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42

U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying the plaintiff's claim for disability insurance benefits. Because we feel that the Administrative Law Judge failed to sufficiently articulate the reasons for denying this claim we will reverse the Administrative Law Judge's decision and remand this claim to the Secretary for further action.

The plaintiff, Randy L. Shorts, applied for a period of disability and disability insurance benefits on December 4, 1978. A central element of this disability claim was the plaintiff's assertion that he suffered from constant physical discomfort as a result of a compression fracture of the lumbar spine. According to the plaintiff, this discomfort constituted a "disability" as that term is used in the Social Security Act. See 42 U.S.C. § 423.

On July 18, 1979, the Administrative Law Judge issued a decision denying the plaintiff's claim. In this decision the Administrative Law Judge acknowledged that medical evidence revealed "chronic lumbar sprain; spinal stenosis; status-post laminectomy and framinotomy, low back syndrome and status-post compression fracture lumbar spine". The Administrative Law Judge also indicated that the plaintiff had been hospitalized on two occasions as a result of these back injuries. The Administrative Law Judge then noted that the plaintiff had testified that he suffered from constant low back pain, that the severity of this pain varied with the degree of the plaintiff's exertion, and that this pain severely limited the plaintiff's range of physical activity. According to the Administrative Law Judge this testimony was corroborated by Ms. Sally Scott, a registered nurse and a neighbor of the plaintiff.

However, despite this factual recital, the Administrative Law Judge concluded that the plaintiff's allegation of severe pain was not credible, stating: "The demeanor of the claimant at the time of hearing was such that his testimony as to the severity of his pain is found to be not credible. Furthermore, the claimant has failed to establish that the pain was incapable of relief or controlled by the use of medication. As such, the claimant failed to establish that his pain is of such a nature as to warrant a finding of disability of and by itself." No further elaboration of this conclusion was made by the Administrative Law Judge in his decision.

The plaintiff filed a timely request for review of this decision with the Social Security Appeals' Council. On November 16, 1979, the Appeals' Council affirmed the Administrative Law Judge's decision. The plaintiff then appealed this decision to the District Court. We ordered the matter referred to the Magistrate for his report and recommendation. On February 9, 1981 the Magistrate filed his initial report and recommendation. In this report the Magistrate recommended that the Administrative Law Judge's decision be affirmed. The plaintiff filed timely exceptions to this report and the matter was presented to the court for its consideration.

Under Section 405 of the Social Security Act, the role of this court in reviewing a denial of disability benefits is extremely limited. See *Pinkowski v. Califano*, 472 F.Supp. 318 (D.C.Wis.1979); *Brown v. Califano*, 451 F.Supp. 688 (D.C.La.1978). We are not free to substitute our views for those of the Secretary, but rather must simply determine whether there is substantial evidence in the record, when viewed as a whole, that would support the Secretary's findings. See *Lewis v. Califano*, 616 F.2d 73 (3d Cir. 1980); *Jones v. Mathews*, 533 F.2d 308 (5th Cir. 1976).

However, before any effective judicial review of this decision can take place, the Secretary must adequately articulate the reasons supporting this denial of benefits. Such an articulation is necessary to enable this court to determine whether the Secretary's findings are drawn from substantial evidence in the record. Therefore, in this appeal we would require that the Administrative Law Judge fully explain the evidentiary underpinnings of his decision.

■ At a minimum, this requirement means that the Administrative Law Judge cannot rely solely on ultimate factual conclusions in making a decision. Instead the Administrative Law Judge's decision must also include a statement of the subordinate factual findings from which these ultimate conclusions are based. See *Hargenrader v. Califano*, 575 F.2d 434 (3d Cir. 1978). Moreover, it has recently been held that "an explanation from the Administrative Law Judge of the reasons why probative evidence has been rejected is required so that a review in court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700 at 707 (3d Cir. 1981).

■ In this case we feel that the Administrative Law Judge's decision did not adequately explain why probative evidence presented by the plaintiff was rejected. Therefore, we must reverse the Administrative Law Judge's decision and remand this matter to the Secretary for further proceedings.[1]

During the hearing held before the Administrative Law Judge on this claim the plaintiff testified at length regarding the physical discomfort he experienced as a result of his back injury. His testimony was corroborated by Ms. Sally Scott. Ms. Scott was a registered nurse and a neighbor of the plaintiff and testified that she had, for the past three years observed the plaintiff almost daily. In fact, Ms. Scott testified that she had worked with the plaintiff on an exercise program designed to improve his back condition. In her testimony before the Administrative Law Judge, Scott indicated that the plaintiff frequently appeared to suffer from severe back pain. According to Scott, this discomfort forced the plaintiff to significantly curtail his activities. This testimony is, in our view, significant probative evidence corroborating the plaintiff's claim. In fact, the Administrative Law Judge in his decision conceded that the

plaintiff's claims of pain were corroborated by Ms. Scott. Yet, in rejecting the plaintiff's claim, the Administrative Law Judge simply concluded from the plaintiff's demeanor that his testimony was not credible. The Administrative Law Judge did not mention the important corroborating testimony of Ms. Scott at all. Because the Administrative Law Judge did not discuss Ms. Scott's testimony, we cannot now determine whether this significant probative evidence was not credited or was simply ignored. We, therefore, cannot determine whether the Administrative Law Judge's decision was supported by substantial evidence on the record.

Moreover, this significant ambiguity is not, in our view, corrected by the Administrative Law Judge's simple recital that he "has carefully considered all of the testimony at the hearing...". See *Cotter*, supra, at p. 707, fn. 10. Given the importance of this probative evidence we feel that some more particularized discussion of the reasons for rejecting it must be given. Because it is not possible on this record to determine if the Administrative Law Judge's findings are supported by substantial evidence we will remand this action for further proceedings by the Secretary. Because we feel that this error alone justifies the remand of this action we do not address the other contentions raised by the plaintiff in his exceptions to the Magistrate's Report.

---

1. We wish to note, however, that neither the ALJ nor the Magistrate who initially considered this matter had the benefit of the court's guidance at the time they made their decision to deny the plaintiff's claim. Therefore, a reversal of the ALJ's decision in this matter can in no way be seen as a criticism of the performance of the ALJ in this case.