Submitted on briefs May 31, affirmed June 23, petition for rehearing denied July 25, 1972

BELL, *Appellant, v.* HARRISON (No. 1463), *Respondent.*

498 P2d 397

114

Carey & Gooding, La Grande, for appellant.

Charles R. Cater, La Grande, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

Plaintiff appeals from a declaratory judgment which determined that the trust created by the last will and testament of decedent, Nancy Catherine Harrison Bell, was valid.

The material portions of decedent's will provided:

"FIRST, and most fore in mind, I intrust the challenge of rearing my two minor children, Bernard George Bell, IV, and Catherine Anne Bell, to my brother, Donald Lee Harrison, with full faith that he will do all in his power to properly instruct and bring them up into the world. To aide [sic] in this task, knowing his interest in the same, I also bequeath my numerous books, to do with as he choses [sic].

"(2) I intentionally make no provision in this will for my two children afore named, and I intentionally make no provision for any child which may

hereafter be born to me, because I have entire confidence that my said brother, Donald, will see that they are suitably cared for.

"(3) The residue and remainder of my estate of which I may die seized or possessed, both real and personal, I give, bequeath and devise to my executor and executrix hereinafter named; in trust, nevertheless, that they shall hold, manage, invest and re-invest the same and collect the income therefrom and with said income shall aide [sic] and assist in the rearing of the afore mentioned minor children.

"LASTLY, I hereby nominate and appoint My Father, Clyde L. Harrison, and/or My Mother, Irene Standley Harrison (or the survivor) as Executors of this will to serve without bond, and with full power to dispose of as they will, all of my property, real or personal."

Plaintiff contends that the trust violates the rule against perpetuities, and thus should be declared invalid.

"The Rule against Perpetuities is not a rule of construction, but a peremptory command of law. It is not, like a rule of construction, a test, more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if the Rule did not exist, and then to the provision so construed the Rule is to be remorselessly applied." Gray, The Rule Against Perpetuities 599, § 629 (4th ed 1942); *Closset et al. v. Burtchaell et al.,* 112 Or 585, 601, 230 P 554 (1924).

■ The only dispositive provision of the trust directs the trustees to collect the income from the trust "and with said income shall aide [sic] and assist in the rearing of the afore mentioned minor children." Although no specific date on which the trust is to

terminate is included in the trust, the sole purpose of the trust is to provide for the testator's children during their respective minorities. From this we conclude that the testatrix intended that the trust terminate when the youngest of her children reached the age of majority.

■ Where a trust instrument does not contain a specific provision for the disposition of the trust principal upon termination, there is a resulting trust of that principal upon termination of the trust. The applicable rule is stated in V Scott on Trusts 3286, 3287, § 430.1 (3d ed 1967), as follows:

> "* * * [W]here property is transferred in trust to apply the income in a certain manner for a certain period, and no disposition is made of the principal, there is a resulting trust of the principal at the expiration of the designated period * * * in favor of the settlor or his estate * * *."

Thus, the principal of the trust here will be distributed to the heirs of the testatrix upon the termination of the trust.

■ We next consider the application of the rule against perpetuities to the interests created by the trust. The rule provides that "[n]o interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray, The Rule Against Perpetuities 191, § 201 (4th ed 1942). Where the testator fixes an absolute term of years rather than lives in being, the absolute term cannot exceed 21 years. *Closset et al. v. Burtchaell et al.,* supra at 604. When the limitations are created by will, the time from which the permissible period fixed by the rule is computed is the date of the testator's death. *Closset et al. v. Burtchaell et*

*al.,* supra at 605-606. Since the trust in question here will be terminated and its proceeds distributed when the youngest child of the testatrix reaches the age of majority, an event which necessarily must occur within 21 years of the death of the testatrix, the trust does not violate the rule against perpetuities.

Affirmed.