592 P.2d 6 (1978)
Bruce B. BRUNDAGE, Plaintiff-Appellant,
v.
Peyton F. PERRY, Defendant-Appellee.
No. 77-1032.
Colorado Court of Appeals, Division II.
November 30, 1978.
Rehearing Denied December 21, 1978.
Certiorari Granted March 12, 1979.
*7 Holland & Hart, R. Brooke Jackson, Richard G. Caldwell, Denver, for plaintiff-appellant.
Bosworth & Slivka, P. C., Arthur H. Bosworth, II, Denver, Gorsuch, Kirgis, Campbell, Walker & Grover, Charles E. Rhyne, Gary S. Cohen, Denver, for defendant-appellee.
SMITH, Judge.
Plaintiff, Bruce B. Brundage, appeals from a judgment of the district court against him and in favor of defendant Peyton F. Perry. For the reasons set out below, we reverse the trial court's judgment.
This action concerns the effect and legality of a conditional option to repurchase certain realty located in Arapahoe County. On June 23, 1970, Brundage, Perry, and one Peter Hurth executed an instrument captioned "Contract of Sale and Repurchase Agreement" which recited that Perry agreed to purchase, and Hurth, with Brundage as Hurth's nominee, agreed to sell all of their right, title, and interest in the subject realty. The sale was completed and the property was conveyed to Perry. The agreement further provided that Brundage, his heirs, personal representatives, or assigns were granted the right to repurchase at the original sale price:
"(a) If, at the expiration of six years from the date of the warranty deed from Brundage to Perry, a residence has not been constructed on the property and a certificate of occupancy has not yet been issued to Perry by the appropriate governmental authority, or
"(b) If Perry desires to sell the premises before a residence has been constructed thereon and such certificate of occupancy has been issued by the appropriate governmental authority (in which event, Perry must first give Brundage a written notice of the same)."
The Agreement required that in order to exercise the repurchase option, notice must be given to Perry of such intention within 21 days after the occurrence of one of the *8 above. If the option to repurchase was not exercised by Brundage, the agreement stated that:
"[t]hen Perry may for a period of six months following the end of such 21-day period, sell the premises to any party of his choosing. In the case of a proposed sale under circumstances covered by paragraph 2(b) above, if no sale occurs within such six-month period, notice in the above manner must again be given to Brundage prior to any sale of the property."
At the expiration of six years, no residence had been built on the property nor had a certificate of occupancy been issued; Brundage then sought to exercise his option pursuant to the above provision. Perry refused to sell, and as a defense to this specific performance action asserted, inter alia, that the six year option constituted an illegal restraint on alienation and was violative of the rule against perpetuities. The trial court held, without addressing the other issues and defenses raised, that the repurchase agreement unreasonably restrained the alienation of the property and declared the agreement null and void. We disagree.
It is well recognized that "options in gross" to purchase realty are subject to the operation of the rule against perpetuities, and to be valid, must conform to the time required for the vesting of estates. See Atchison v. Englewood, 170 Colo. 295, 463 P.2d 297 (1969). But the rule allows for the use of 21 years as a time limit without regard to any life in being at the creation of the interest. If an interest must vest or fail, or an option must be exercised within a 21 year period from the date of the creation of the interest or the effective date of the instrument, then the rule is not violated. Bell v. Harrison, 10 Or.App. 113, 498 P.2d 397 (1972); Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800 (1946); and see Cadell v. Palmer, 1 Cl. & F. 372, 6 Eng.Rep. 956 (1833). Since the six year and 21 day period limiting the exercise of Brundage's option is well within the 21 year period in gross and not related to any person as a measuring life, the option is not void as violative of the rule against perpetuities.
Perry's assertion that the option is void as an impermissible restraint on alienation is likewise erroneous. Colorado law holds that a restraint on alienation may or may not be valid, depending upon the reasonableness of the restraint. Malouff v. Midland Federal Savings & Loan Assoc., 181 Colo. 294, 509 P.2d 1240 (1973). In finding the restraint unlawful, the trial court emphasized the appreciated value of the property in voiding the repurchase option, fixed by the agreement at the original sale price of $16,500. However, the appreciation of the land's value does not render an option to repurchase at a fixed sum void, if the option is supported by consideration. Nor does the fact that the property may not be sold at market value during the term of the option make the option an unlawful restraint on alienation. A court cannot, in the absence of fraud, relieve parties from their obligations where valid consideration for the option is shown. Tallman v. Smith, 112 Colo. 217, 148 P.2d 581 (1944). If sufficient consideration existed at the time of the creation of the option, the present market value of the property has no bearing upon the reasonableness of the agreement. Mercer v. Lemmens, 230 Cal.App.2d 167, 40 Cal.Rptr. 803 (1964).
Here, adequate consideration was given by Brundage in the form of a waiver of a prior right of first refusal he held on the realty, thus enabling Perry to purchase the fee. In exchange for the waiver, the option given Brundage alternatively provided that if Perry wished to sell to anyone prior to the construction of a residence within six years following the sale, Brundage was to receive notice of Perry's intention and have first right of refusal. The short duration of the option and the fact that Perry could have conveyed and sold the property even before the expiration of the fixed option term does not give the agreement the effect of an impermissible contractual abdication of Perry's power to alienate. We conclude that the agreement was not, in this commercial setting, an unreasonable restraint. Malouff v. Midland *9 Federal Savings & Loan, supra. Inasmuch as we here hold that the initial six year option provided by the agreement is valid, and may, subject to further determination by the trial court, have been properly exercised, we do not find it necessary to deal with the validity of subsequent repurchase options contained in the agreement.
The judgment is reversed, and the cause is remanded to the trial court for determination of the other defenses and issues raised by the pleadings.
ENOCH and STERNBERG, JJ., concur.