Argued and submitted September 28, reversed on appeal and remanded for further proceedings; affirmed on cross-appeal November 22, 1989

In re Archie W. Huss, Decedent.

## OREGON BANK,
*Respondent - Cross-Appellant,*

*v.*

## HUSS,
*Appellant - Cross-Respondent.*

(A8601-90034; CA A50554)

782 P2d 451

Carol Wright, Portland, argued the cause for appellant - cross-respondent. On the briefs was B. Rupert Koblegarde, Portland.

Charles R. Markley, Portland, argued the cause for respondent - cross-appellant. With him on the brief were Sandra L. Mitchell and Greene & Markley, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

The Oregon Bank (Bank) filed a petition for instructions as to whom Bank, as trustee of a Clifford Trust of Archie W. Huss (Huss), should distribute the corpus of the trust on its termination. Hedy-Jo Huss (Hedy-Jo), personal representative of the estate of Huss, filed her response, seeking an order that, on termination of the trust, the corpus should revert to the decedent's estate and be distributed in accordance with Huss' last will of July 27, 1983. She appeals from the trial court's judgment ordering that the trust corpus be paid to Bank as trustee under a will that Huss executed on April 2, 1981, which had been revoked. On *de novo* review, we reverse. Bank has filed a cross-appeal, which we need not address in view of our disposition of the appeal.

Bank became conservator for Huss in August, 1980. On April 2, 1981, with the advice of Bank and his attorney, Huss executed a will that provided for a testamentary trust, with Bank as trustee, to pay Hedy-Jo, his daughter and only heir, the net income and principal from the trust during her life in such amounts as Bank, in the exercise of its sole discretion, should deem necessary. In early 1983, Bank suggested that Huss execute a Clifford Trust as a tax planning device, in order to shift income from the conservatorship estate, which was in a high tax bracket, to Hedy-Jo, who was in a low tax bracket, and to provide Hedy-Jo with regular income. He had been giving her substantial amounts of money. Bank's attorney (who was also Huss' attorney) prepared the trust agreement, which had a term of 10-1/2 years and provided for payment of income to Hedy-Jo during that time. On termination, the trust corpus was to be paid to Huss, if living, or "to the trustee of that certain trust agreement established by the Last Will and Testament of Archie W. Huss, dated April 2, 1981."

Huss consented to the execution of the Clifford Trust on April 7, 1983, and Bank executed the trust on December 30, 1983. Unbeknownst to Bank or to Bank's attorney, Huss had revoked the will of April 2, 1981, by executing another will in March, 1983. On July 27, 1983, Huss executed a third will, which was his last will and which was ultimately probated after his death in December, 1985. The July, 1983, will creates

two testamentary trusts for the benefit of Hedy-Jo, with B. Rupert Koblegarde, rather than Bank, as trustee.

The question is whether, on termination of the Clifford Trust, the principal should be distributed to Bank as trustee of the trust that would have been established pursuant to the will of April 2, 1981, or to Huss' personal representative for distribution pursuant to Huss' last will. Hedy-Jo contends that, because Huss revoked the will of April 2, 1981, the trust to have been established on Huss' death pursuant to that will never has and never will come into existence and, accordingly, the provision of the Clifford Trust requiring payment of the corpus of that trust to the trustee of the nonexistent trust fails. Bank argues that, although the will of April 2, 1981, has no independent significance, its terms are unambiguously incorporated by reference into the Clifford Trust agreement and, therefore, the corpus of that trust should be distributed to the trustee of the trust that was to have been established by the terms of that will.

The termination provision of the Clifford Trust provides:

"This Trust shall terminate ten years and six months from the date of this Trust Agreement, or upon the death of HEDY-JO HUSS, if she dies before that date, and upon such termination the principal of this Trust shall be paid over to the Grantor if the Grantor's ward, ARCHIE W. HUSS is then living and if the Grantor is still the ward's Conservator. If the ward, ARCHIE W. HUSS, is still living and has no Conservator, upon such termination, the principal of this Trust shall be paid over to ARCHIE W. HUSS. *If the Grantor's ward, ARCHIE W. HUSS, is not living at the time this Trust terminates, the principal of this Trust shall be paid to the Trustee of that certain Trust Agreement established by the Last Will and Testament of ARCHIE W. HUSS, dated April 2, 1981.*" (Emphasis supplied.)

Bank's argument that the terms of the will of April 2, 1981, are incorporated by reference into the Clifford Trust agreement is not borne out by the wording of the termination provision, which does *not* incorporate the terms of the trust established by the 1981 will, but provides for payment of the corpus of the Clifford Trust to the *trustee* of that trust. Further, there is no

trust *agreement,* as such, in that will; there is simply a provision for the creation of a trust, which could only occur if the will were to be effective on Huss' death. The termination provision of the Clifford Trust directs distribution of the corpus to the trustee of that trust as a *beneficiary.* Compare *In re Estate of Baer,* 446 So 1128 (Fl App 1984); *In re Brandenburg's Estate,* 13 Wisc 2d 217, 108 NW2d 374 (1961).

Because that beneficiary is nonexistent, the distribution provision fails. It is evident that Huss did not intend Bank to acquire a beneficial interest in the corpus of the trust in the event of the failure of the direction for distribution; therefore, a resulting trust arises in favor of the estate of Huss, with the corpus of the Clifford Trust to be distributed pursuant to the terms of Huss' last will. *See Pape et al. v. Title and Trust Co.,* 187 Or 175, 210 P2d 490 (1949); *Bell v. Harrison,* 10 Or App 113, 498 P2d 397 (1972); *Scott on Trusts,* § 411 (4th ed 1989); *Restatement (Second) Trusts,* § 411, *comment g.*

Hedy-Jo seeks attorney fees pursuant to ORS 128.135(2) and ORS 128.155. ORS 128.135(2) provides, in part:

> "Any beneficiary of a trust or the trustee therefore may petition a court with jurisdiction to grant equitable remedies in any county where trust assets are located or where the trustee resides for the purpose of any of the following:
>
> "* * * * *
>
> "(c)   Obtaining authority, approval or instructions on any matter concerning the interpretation of the trust or the administration, settlement or distribution of the trust estate."

ORS 128.155 provides, in part:

> "A beneficiary who petitions the court under ORS 128.135 * * * shall file an undertaking[.] * * * If the beneficiary is successful, the court may tax the costs and disbursements of the proceeding, including any appeal therein, and reasonable attorney fees against the trust estate or the trustee individually."

As we have held, the estate of Huss is a beneficiary of the Clifford Trust. Accordingly, Hedy-Jo, as personal representative, has standing to file a petition pursuant to ORS 128.135(2) and to recover attorney fees if she prevails. On

remand, the court must consider whether attorney fees should be awarded pursuant to ORS 128.155 and, if so, the reasonable amount to be awarded.

Reversed on appeal and remanded for further proceedings not inconsistent with this opinion; affirmed on cross-appeal.